Andres Diaz (A4309)
Thomas D. Neeleman (A4639)
Geoffrey L. Chesnut (A12058)
**Red Rock Legal Services, P.L.L.C.**
PO Box 1948
Cedar City, UT 84721
Telephone: (435) 634-1000
Fax: (435) 634-1001
Email: courtmailrr@expresslaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In Re:<br>Alma Russell Olsen<br>Chelsea Nichole Olsen<br>Debtors. | Bankruptcy No. **20-26480**<br>Chapter 13 |
| Alma Russell Olsen<br>Chelsea Nichole Olsen<br><div align="right">Plaintiffs,</div><br>v.<br>L & W Supply Corporation<br>and John Does 1-3,<br><div align="right">Defendants.</div> | Adversarial Proceeding No.<br><br>Judge William T. Thurman |

**COMPLAINT PURSUANT TO 11 U.S.C. §547 TO AVOID AND RECOVER**
**PREFERENTIAL TRANSFERS**

Plaintiffs, Alma Russell Olsen Chelsea Nichole Olsen ("Plaintiffs" and "the Olsens"),

allege and complain against the Defendants, L & W Supply Corporation and John Does 1-3 ("L &

W") as follows:

**PARTIES**

1. Plaintiffs and Debtors are residents of the State of Utah, Washington County.

2. Defendant, L & W is doing business in State of Utah; and this cause of action arose in the State of Utah.

**JURISDICTION & VENUE**

3. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Section 547(b) of the Bankruptcy Code, to recover avoidable transfers made by the Debtor to the Defendant.

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

5. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

6. This District is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

**BACKGROUND**

7. The Debtors' voluntary petition (the "Petition") in this Chapter 13 case was filed on November 2, 2020 in order to preempt a writ of execution regarding funds related to the sale or real property.

8. Based upon information and belief at the time of the filing of the Petition, Terra Title Company ("Terra Title") held back funds believed to be in an amount of approximately $64,803.60 related to the sale of real property located at 2592 E. Rasmussen Dr., St. George, Utah (the "Real Property") see **Exhibit A Terra Title Company ALTA Settlement Statement dated October 14, 2020** attached hereto and incorporated by reference.

9. On or about June 22, 2020 L&W Supply Corporation ("L&W") allegedly filed and

recorded a Lis Pendens with the Washington County Recorder placing notice related to the Real Property and its alleged foreclosure of a construction lien also allegedly recorded goods and services related to the same Real Property. See **Exhibit B Lis Pendens Doc ID 20200031345** recorded with the Washington County Recorder attached hereto and incorporated by reference.

10. On or about June 22, 2020 L&W Supply Corporation filed a Verified Complaint ("Verified Complaint") against both Debtors and the Debtor's Alma Olsen's corporate entity A1 Builder Investments, Inc., ("A1 Builders") although it appears from the exhibits attached to L&W's Verified Complaint Mrs. Chelsea Olsen's only connection to the suit is alleged as an "owner of the real property."  See **Exhibit C Verified Complaint and its attached exhibits filed by L&W Supply in Civil No. 200500309 in the Fifth District Court, St. George, Washington County, State of Utah** attached hereto and incorporated by reference.

11.  L&W's Verified Complaint alleged six causes of action, *inter alia,* assertions of breach of contract on a general credit account by the corporate entity A1 Builders, for goods and services were provided to various building projects in the State of Nevada in the amount of in the principal amount of approximately "$43,441.67, plus $195.00 in lien recording fees, plus pre-judgment and post-judgment interest at the rate of 1.5% per month (18% per annum), compounded monthly, from the date of each outstanding invoice, plus costs and attorney fees, as authorized by the Agreement" and Alma Olsen's breach of an alleged personal guarantee and various equitable remedies. See **Id.**

12.  Additionally, and separately, in the Verified Complaint, L&W alleges in the Verified Complaint foreclosure of an alleged construction lien and its alleged *lis pendens* related to amounts allegedly owed for construction of the Real Property. See **Id.**

13. On or about August 6, 2020 L&W sought permission *ex parte* for alternative service on the defendants to the suit and on or about August 7, 2020 the *ex parte* order was entered. See **Exhibit D Docket of Civil No. 200500309** attached hereto and incorporated by reference.

14. On or about October 5, 2020 L&W moved for default judgment against all defendants to the suit including the Debtors. See **Id.**

15. On or about October 15, 2020, the day after the closing of the sale of the Real Property, a default judgment was entered consisting of an amount related to L&W's construction lien in the amount of $17,907.17 and an additional amount of $59,977.65 related to the general breach of contract and breach of personal guarantee. See **Exhibit E Default Judgment dated October 15, 2020** attached hereto and incorporated by reference.

16. The amounts in the judgment appear to improperly duplicate amounts related of lien fees, attorney fees and costs in the amount of $7,098.76 for both the amounts related to the general breach of contract and breach of personal guarantee and foreclosure of the L&W construction lien. See **Id.**

17. As L&W had filed its Lis Pendens on or about June 22, 2020, Terra Title included payoff of the lien foreclosure amounts in the approximate of $17,909.02 with a check based upon information and belief to be sent to counsel for L&W, the law firm of Skoubye

Nielson & Johansen LLC. See **Exhibit A Terra Title Company ALTA Settlement Statement dated October 14, 2020.**

18. After the closing on the Real Property and payment of the construction lien held by L&W resulting in the release of the *lis pendens*, Terra Title did not release the remaining $64,803.60 to the Debtors due to the "Hold Back Agreement."

19. On or about October 21, 2020, one week after the closing on the Real Property, L&W through counsel filed an *ex parte* application for a non-wage Writ of Garnishment to be served on Terra Title. See **Exhibit F Ex Parte Application for Writ of Garnishment** attached hereto and incorporated by reference.

20. Based upon information and belief the Writ of Garnishment was served upon Terra Title by personal service on or about October 23, 2020. See **Exhibit D Docket of Civil No. 200500309** and **Exhibit G Return of Service on the Writ of Garnishment.**

21. Based upon information and belief when Debtors' filed the Petition on November 2, 2020 Terra Title still possessed the $64,803.60 related to the closing of the Real Property.

22. On or about February 9, 2020 the Olsens through counsel filed a Motion for Order Directing Terra Title Company and L & W Supply Corporation to Turn Over Property of the Estate.

23. After notice and hearing the bankruptcy court in the lead bankruptcy case granted the requested relief by the Olsens against Terra Title Company for turnover of the $64,803.60 related to the closing of the Real Property, and ordered the same to be sent

to the Chapter 13 Trustee in the case.

24. Among other things, the Plaintiffs are vested with the estates' rights to avoid and recover preferential transfer pursuant to Bankruptcy Code §547.

## CLAIMS FOR RELIEF

25. The following causes of action are asserted against the Defendant herein without prejudice to any rights the Plaintiff or Debtors may have, or which this Court may grant to the Plaintiff or Debtors, to assert additional causes of action or allegations based on facts disclosed in documents or other information made available to the Plaintiff or Debtors in the future or developed as a result of discovery or otherwise.

## COUNT I: RECOVERY OF AVOIDABLE PREFERENCE PAYMENTS

26. The Plaintiffs restate and incorporate herein by reference the allegations contained in paragraphs 1 through 25 above.

27. The Writ of Garnishment served on Terra Title identified on **Exhibit G** attached hereto (the "Writ"), constitutes transfer of property of the Debtors to or for the benefit of the Defendant, who was a creditor of the Debtors.

28. The granting of the Writ was made for or on account of antecedent debts allegedly owed by the Debtors to the Defendant.

29. The Debtors were presumptively and actually insolvent at the time of the Writ.

30. The service of the Writ and therefore any judicial lien alleged by the same was made on or within the 90 days before the Petition Date.

31. By virtue of the Writ, the Defendant received or will receive more than it would have

receives if the Debtors' estates had been liquidated under Chapter 7, the Writ was not granted and served, and the Defendant had received payments of the debts to the extent permitted by the Bankruptcy Code.

32. The Writ constitutes avoidable preferences pursuant to Section 547 of the Bankruptcy Code.

**COUNT II TO RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §550**

33. The Plaintiffs restate and incorporate herein by reference the allegations contained in paragraphs I through 32 above.

34. Defendant was the initial transferee of Writ and therefore any judicial lien alleged by the same or the immediate or mediate transferee of such initial transferee or the entity for whose benefit the Writ and therefore any judicial lien alleged by the same were made.

35. Unless otherwise determined after a trial, pursuant to 11 U.S.C. §550(a), Plaintiff is entitled to recover from Defendant the sum of $59,977.65 plus interest thereon to the date of payment and the costs of this action.

**COUNT III TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502(d)**

36. The Plaintiffs restate and incorporate herein by reference the allegations contained in paragraphs I through 22 above.

37. Defendant was the initial transferee of the Payments or the immediate or mediate transferee of such initial transferee or the entity for whose benefit the Writ and therefore any judicial lien alleged were made.

38. Pursuant to 11 U.S.C. § 502(d), any claims of Defendant against the Debtors must be

disallowed until such time as Defendant pays to Plaintiff an amount equal to the

aggregate amount of all the Avoidable Transfers, plus interest thereon and costs.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request this Court grant judgment as follows:

(a) Declare the Writ and therefore any judicial lien alleged to be an avoidable

preference and award judgment against the Defendant in the amount indicated;

(b) Award pre-judgment and post-judgment interest;

(c) Pursuant to 11 U.S.C. § 502(d), disallow, any claim of Defendant against Debtors;

and

(d) Grant such other and further relief to the Plaintiff as may be just and proper.

Dated this 17th day of March 2021.

**Red Rock Legal Services, P.L.L.C.**

   /s/ Geoffrey L. Chesnut
Geoffrey L. Chesnut
Attorney for Plaintiffs/Debtors

# Alma Russell Olsen and Chelsea Nichole Olsen Exhibits

# Exhibit A

American Land Title Association

ALTA Settlement Statement - Seller

**Terra Title Company**
ALTA ID# 1025539
265 West Tabernacle #100, St. George,
UT 84770
Settlement Location:
265 West Tabernacle Suite 100, St.
George, UT 84770



Property Address: 2592 E. Rasmussen Dr, St. George, Utah
84770
Tax ID: SG-SRYH-84
Buyer: Damian Contino and Laura Contino
Seller: Alma R. Olsen and Chelsea N. Olsen
Lender: First Colony Mortgage Corporation

Settlement Date: 10/13/2020
Closing/Disbursement Date: 10/14/2020
File No./Escrow No.: 34926
Officer/Escrow Officer: Christina M. Pilkey

| Description | | | Seller | |
|---|---|---|---|---|
| | | | Debit | Credit |
| **Financial** | | | | |
| Sales Price of Property | | | | 595,000.00 |
| Seller Credit | | | 450.00 | |
| **Prorations/Adjustments** | | | | |
| County Taxes from | 1/1/20    to 10/14/20 | | 1,594.93 | |
| **Title Charges & Escrow / Settlement Charges** | | | | |
| Owner's Title Insurance ($595,000.00) to | Terra Title Company | | 2,671.00 | |
| Escrow / Settlement Fee to | Terra Title Company | | 395.00 | |
| Document Preparation | Terra Title Company | | 400.00 | |
| E-Filing Fees | Terra Title Company | | 90.00 | |
| SCR Filing Fee | Terra Title Company | | 25.00 | |
| **Commission** | | | | |
| Real Estate Commission to | Equity Real Estate | 3% | 17,850.00 | |
| Real Estate Commission to | ERA Brokers Consolidated | 3% | 17,850.00 | |
| Transaction Fee | ERA Brokers Consolidated | | 195.00 | |
| **Government Recording and Transfer Charges** | | | | |
| Release Recording Fees | Terra Title Company | | 360.00 | |
| **Payoff(s)** | | | | |
| Lender | FCI Lender Services, Inc. #20 | | 307,258.08 | |
| Lender | Gary Jackson #27 | | 90,000.00 | |
| Lender | S&S Mechanical #28 | | 10,600.00 | |
| Lender | St George Truss Company #29 | | 14,208.00 | |
| **Miscellaneous** | | | | |
| Payoff  (Wells Fargo Bank) #34 | Peterson Nykamp Law, LLC | | 7,601.49 | |
| Payoff (L&W Supply) #30,32 | Skoubye Nielson & Johansen LLC | | 17,909.02 | |
| Payoff (Durham Jones & Pinegar) #23,24,25 | Sunpro Corp | | 19,383.32 | |
| Payoff (Drywall Shop) #31, 33 | Farris & Utley, PC | | 19,437.47 | |
| Back property taxes for SG-SRYH-84 #12,13 | Washington County Treasurer | | 1,918.09 | |
| | | | Debit | Credit |
| Subtotals | | | 530,196.40 | 595,000.00 |
| **Due To Seller** | | | 64,803.60 | 0.00 |

**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize Terra Title Company to cause the funds to be disbursed in accordance with this statement.

_____        _____
Alma R. Olsen                            Chelsea N. Olsen

_____
Christina M. Pilkey

# HOLDBACK AGREEMENT

Date:                  10/15/2020                                                    Order No:  34926
Escrow Agent:          Terra Title Company
Buyer/Borrower:        Damian Contino and Laura Contino
Seller:                Alma R. Olsen and Chelsea N. Olsen
Lender:                First Colony Mortgage Corporation
Property Address:      2592 E. Rasmussen Dr, St. George, Utah
Description:           Lot Eighty-Four (84), SERENITY HILLS SECOND AMENDED, according to the Official Plat thereof, on
                       file in the Office of the Recorder of Washington County, State of Utah.

Certain improvements/repairs to the subject property or other conditions of the transaction have not been completed. The
parties to the transaction want to close the escrow prior to completion of the following described items and have reached
the following agreement:

1.    The improvement/repairs or conditions which have not been completed are:

      $60,000.00 of the sellers proceeds shall be held in escrow until 10/30/2020 to allow for a window wherein a preliminary
      notice may be filed on the State Construction Registry. If during that time a preliminary notice is filed, Terra Title may
      obtain an invoice from the filer of the preliminary notice and pay said invoice from the holdback amount. Also see
      Number 3 below for additional condtions of this Holdback Agreement.

2.    Escrow Agent is authorized and instructed to hold the sum of $60,000.00 received from:

      Funds deposited by Buyer/Borrower                           $0
      Borrower's funds withheld from loan proceeds                $0
      Funds deposited by Seller/withheld from Seller's proceeds   $60,000.00
      Funds deposited by 0                                        $0

      Said funds will not be placed in an interest bearing account. If funds are to be held in an interest bearing account,
      separate instructions and a $0.00 fee will be required for opening and maintaining the account. (Funds held less than
      30 days will not be invested.)

      Escrow Agent does not guarantee or represent that the funds being held are sufficient to complete any required work or
      to satisfy any other condition. Additional funds that may be required shall be the sole responsibility of Seller and shall be
      paid directly outside of escrow with no responsibility or liability to Escrow Agent.

3.    Seller understands and agrees that Escrow Agent shall have a period of time, post closing, to verify that all liens and
      judgments have been paid in full.  In the event Escrow Agent receives information that there are any outstanding
      amounts still owing necessary to obtain releases of the liens and judgements, then Escrow Agent shall use the funds
      heldback to make payment necessary to obtain releases thereof.  Once Esrow Agrent is satisfied that all liens and
      judgements are paid in full and that releases are either recorded or will be forthcoming, then any balance of the
      holdback funds remaining will be released to the Seller.  This shall be completed no later than 10/30/2020 ("completion
      date").

      If the funds have not been disbursed and no instructions have been given to Escrow Agent by the completion date
      shown above, Escrow Agent shall notify all parties. If disbursement instructions have not been received within 15 days
      after the date of the notice, Escrow Agent will be entitled to fees as outlined in paragraph 4 below.

4.    A non-refundable holdback fee of $100.00 will be charged by Escrow Agent if Escrow Agent is required to continue to
      hold funds after the completion date. An additional charge of $20.00 per month will be paid to Escrow Agent, beginning
      one month after the original completion date, and continuing until funds are fully disbursed. The additional fees will be
      paid from the funds on deposit.

Buyer's Initials:  _____  /  _____                              Seller's Initials: _____  /  _____

Terra Title Company                                                                October 15, 2020
                                                                                    Order No: 34926

5.  Escrow Agent hereby conditionally accepts and agrees to act as depository as set forth above. The parties agree that
    Escrow Agent shall have no liability to any party to this agreement other than to hold and disburse the funds as set forth
    above. If improvements or repairs are required, Escrow Agent shall not be responsible for determining the completion of
    the work, negotiating the completion of any incomplete or unsatisfactory work or requesting additional funds from any
    party. The parties shall indemnify and hold Escrow Agent harmless against all claims, liability, damages, expenses and
    attorney's fees which it may incur or sustain in connection with this agreement.

6.  In the event that Buyer and Seller can not agree in writing as to the disposition of these funds, then either Buyer or
    Seller may petition a court to interplead the funds to the court. Upon receipt by Escrow Agent of an order from the court,
    Escrow Agent shall deliver any remaining funds to the court. Buyer and Seller understand and agree that Escrow Agent
    shall be entitled to fees as noted in paragraph 4 above, until such time as a written agreement or court order is
    delivered to Escrow Agent.

Dated: October 15, 2020

_____          10/15/2020
Alma R. Olsen

_____          10/15/2020
Chelsea N. Olsen

# Terra Title Company
Disbursement Schedule

| Summary | |
|---|---|
| Adjustments | $0.00 |
| Receipts | $595,069.41 |
| Checks | $595,069.41 |
| Balance | $0.00 |

ORDER NO.
**34926**

DATE:
**10/23/2020**

**Closer:** Christina M. Pilkey

## Receipts:

| Payer | Amount | Good | Receipt | Date Received | GF Date | Instrument | VOID | Type | NOTES: |
|---|---|---|---|---|---|---|---|---|---|
| Transfer from File #34847 | $2,000.00 | ☑ | 223503 | 09/14/20 3:25:07 PM | 09/14/20 | | ☐ | Transfer | |
| Transfer from File #34924 | $327,817.12 | ☑ | 225299 | 10/13/20 2:28:49 PM | 10/13/20 | | ☐ | Transfer | |
| WIRE REFERENCE: 201014184876/ | $265,252.29 | ☑ | 225382 | 10/14/20 2:20:08 PM | 10/14/20 | 1014 | ☐ | Wire | Wire #201014184876 | A... |

## Checks:

**Total Receipts:**
**$595,069.41**

| | To | Memo | Amount | Type | Number | Issued | VOID | Hold | Instructions | Employee | Print | Cleared | Eck |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ERA Brokers Consolidated | 2592 Rasmussen Drive, ... | $2,000.00 | Check | 1052951 | 09/17/20 | ☐ | ☐ | | | Terra Title | 09/17/20 | ☐ |
| 2 | Terra Title Company | E-Filing Fees | $5,512.98 | Check | 1053368 | 10/15/20 | ☐ | ☐ | | | Downtown | 10/16/20 | ☐ |
| 3 | ERA Brokers Consolidated | Commission for Contino... | $14,045.00 | Check | 1053369 | 10/15/20 | ☐ | ☐ | | | Terra Title | 10/16/20 | ☐ |
| 4 | Chelsea N. Olsen and Alma R... | Balance Due to Seller | $4,803.60 | Check | 1053370 | 10/15/20 | ☐ | ☐ | | | Terra Title | 10/15/20 | ☐ |
| 5 | Washington County Treasurer | Property Taxes 2020 | $2,033.95 | Check | 1053371 | 10/15/20 | ☐ | ☐ | | | Centraliz... | 10/19/20 | ☐ |
| 6 | Sunpro Corp. | Payoff Mech. Lien, Li... | $19,383.32 | Check | 1053372 | 10/15/20 | ☐ | ☐ | | | Terra Title | | ☐ |
| 7 | Peterson Nykamp Law, LLC | Payoff for Chelsea Ol... | $7,601.49 | Check | 1053373 | 10/15/20 | ☐ | ☐ | | | Terra Title | | ☐ |
| 8 | Washington County Treasurer | Delinquent property ta... | $1,918.09 | Check | 1053374 | 10/15/20 | ☐ | ☐ | | | Centraliz... | 10/19/20 | ☐ |
| 9 | American Family | Homeowner's Insurance ... | $448.41 | Check | 1053375 | 10/15/20 | ☐ | ☐ | | | Terra Title | 10/22/20 | ☐ |
| 10 | Farris & Utley, PC | Re:(Drywall Shop) for ... | $19,437.47 | Check | 1053376 | 10/15/20 | ☐ | ☐ | | | Terra Title | 10/19/20 | ☐ |
| 11 | St George Truss Company | Also for release of TD... | $14,208.00 | Check | 1053377 | 10/15/20 | ☐ | ☐ | | | Terra Title | 10/20/20 | ☐ |
| 12 | S&S Mechanical | Payoff For rel of 2019... | $10,600.00 | Check | 1053378 | 10/15/20 | ☐ | ☐ | | | Terra Title | 10/20/20 | ☐ |
| 13 | Gary W. Jackson | Payoff Loan | $90,000.00 | Check | 1053379 | 10/15/20 | ☐ | ☐ | | | Terra Title | 10/21/20 | ☐ |
| 14 | HOLDBACK AGREEMENT | | $60,000.00 | Check | | | ☐ | ☑ | | | Terra Title | | ☐ |
| 15 | Equity Real Estate | | $17,910.00 | Wire | 700465 | 10/15/20 | ☐ | ☐ | | | Downtown | 10/15/20 1:39 PM | ☐ |
| 16 | Skoubye Nielson & Johansen LLC | | $17,909.02 | Wire | 700470 | 10/15/20 | ☐ | ☐ | | | Downtown | 10/15/20 1:39 PM | ☐ |
| 17 | FCI Lender Services, Inc | | $307,258.08 | Wire | 700477 | 10/15/20 | ☐ | ☐ | | | Downtown | 10/15/20 1:39 PM | ☐ |

**Worksheet:**

**Total Checks:** $595,069.41

None

**Adjustments:**

None

# Exhibit B

Conrad H. Johansen (8214)
Stephen M. Bigham (11060)
SKOUBYE NIELSON & JOHANSEN, LLC
999 East Murray Holladay Road, Suite 200
Salt Lake City, Utah 84117
Telephone: (801) 365-1030
Facsimile: (801) 365-1031
Email: conrad@snjlegal.com
Email: stephen@snjlegal.com
*Attorneys for Plaintiff*

## IN THE FIFTH DISTRICT COURT IN AND FOR
## WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| L & W SUPPLY CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>A1 BUILDER INVESTMENTS, INC., ALMA R. OLSEN, CHELSEA N. OLSEN, and DOES 1-10, whose true names are unknown, and who are believed to be all unknown persons who claim any interest in the real property that is part of the subject matter of the action,<br><br>    Defendants. | **LIS PENDENS**<br><br>Case No.    200500309<br><br>Judge: |

TO WHOM IT MAY CONCERN:

Please take notice that the above-captioned action has been filed in the above-identified court. The object and purpose of this suit is to foreclose a construction lien that has been recorded by plaintiff against property located at approximately 2592 E Rasmussen Drive, St. George, Washington County, State of Utah, and more particularly described as follows:

Legal:    Lot Eighty-Four (84) Serenity Hills 2ND AMD
Parcel:    SG-SRYH-84

Those persons or entities holding interests in the property that may be affected by the foreclosure of the plaintiff's lien are identified in the documents on file with the above court. Since lawsuits evolve and the parties to the litigation may change, any party interested in the subject property should consult the court docket and/or plaintiff's counsel to determine the current state of the litigation and the parties thereto.

Should the interest of any defendant in the litigation (or prospective defendant) be transferred or assigned, the party receiving the transfer or assignment may be added as a defendant to the lawsuit in place of or in addition to the party against whom foreclosure was originally sought, and/or the plaintiff may request that the interest of the receiving party be foreclosed as though the person were named as a party from the beginning. Any and all parties seeking to acquire or alienate any interest in the above-described property should take notice of the pendency of this action.

DATED this 19th day of June, 2020.

SKOUBYE NIELSON & JOHANSEN, LLC

By: _____
Conrad M. Johansen
Stephen M. Bigham
*Attorneys for Plaintiff*

STATE OF UTAH        )
          Summit        : ss.
COUNTY OF ~~SALT LAKE~~ )

On the 19th day of June, 2020, personally appeared before me Stephen Bigham , the signer of the foregoing, who duly acknowledged to me that he executed the same.

NOTARY PUBLIC
RYAN DOXEY
COMM. # 711777
MY COMMISSION EXPIRES
APRIL 30, 2024
STATE OF UTAH

_____
Notary Public   Ryan Doxey

# Exhibit C

Conrad H. Johansen (8214)
Stephen M. Bigham (11060)
SKOUBYE NIELSON & JOHANSEN, LLC
999 East Murray Holladay Road, Suite 200
Salt Lake City, Utah 84117
Telephone: (801) 365-1030
Facsimile: (801) 365-1031
Email: conrad@snjlegal.com
Email: stephen@snjlegal.com
*Attorneys for Plaintiff*

### IN THE FIFTH DISTRICT COURT IN AND FOR

### WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| L & W SUPPLY CORPORATION,<br><br>     Plaintiff,<br><br>vs.<br><br>A1 BUILDER INVESTMENTS, INC., ALMA R. OLSEN, CHELSEA N. OLSEN, and DOES 1-10, whose true names are unknown, and who are believed to be all unknown persons who claim any interest in the real property that is part of the subject matter of the action,<br><br>     Defendants. | **VERIFIED COMPLAINT**<br><br>**Tier 2**<br><br>Case No.<br><br>Judge: |

Plaintiff L & W Supply Corporation ("L&W" or "Plaintiff") for its complaint states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff was and remains a Delaware corporation duly authorized to do business in the State of Utah and doing business in the State of Utah.

2.      Defendant A1 Builder Investments, Inc. ("A1 Builder") was and remains a Nevada business corporation doing business in the State of Utah.

3.      Defendant Alma R. Olsen was and remains a natural person who is believed to be a citizen of the State of Nevada.

4.      Defendant Chelsea N. Olsen was and remains a natural person who is believed to be a citizen of the State of Nevada.

5.      Defendants Alma R. Olsen and Chelsea N. Olsen ("Defendants Olsen") are the owners of the real property located at approximately 2592 E Rasmussen Drive, St. George, Washington County, State of Utah, and more particularly described as follows:

        Legal:          Lot Eighty-Four (84) Serenity Hills 2ND AMD
        Parcel:         SG-SRYH-84

(referred to herein as "Lot 84"), which is subject to the lien foreclosure action herein.

6.      DOES 1-10, whose true names are unknown, are believed to be all unknown persons who claim any interest in Lot 84 that is part of the subject matter of this action and that could be adverse to the interest Plaintiff asserts herein. Does 1-10 are other parties whose identities are presently unknown, but who may claim an interest in Lot 84 that is the subject matter of this action either: (a) by virtue of having an ownership interest in Lot 84 (who together with Defendants Olsen) are collectively referred to herein as "Owners"); (b) by virtue of having loaned money to be used for the improvements provided to Lot 84; or (c) by virtue of a preconstruction lien or construction lien that could be adverse to the interest Plaintiff claims herein or could be on equal footing with the interest Plaintiff claims herein. Once the identity of the various parties is ascertained, the pleading will be amended in accordance with the Utah Rules of Civil Procedure.

7.      Upon information and belief, the contract at issue herein was to be performed, in whole or in part, in Washington County, State of Utah.

8.      Plaintiff is informed and believes, and thereon alleges, that A1 Builder was a contractor on and furnished improvements to various real property parcels upon which Plaintiff supplied building materials and supplies ("Projects").

9.      Jurisdiction and venue are proper in this Court pursuant to Utah Code Ann. sections 78B-3-301, 78B-3-304, and 78B-3-307 because Lot 84 that is the subject of the foreclosure action alleged herein is located in Washington County, because the agreement was to be performed within Washington County, and because the facts giving rise to this lawsuit occurred in Washington County.

10.     Plaintiff claims a principal amount of damages less than $50,000 but alleges claims for non-monetary relief—lien foreclosure and declaratory relief. Therefore, Plaintiff alleges this is a Tier 2 case pursuant to Rules 8(a) and 26(c)(3) of the Utah Rules of Civil Procedure. Plaintiff reserves the right to claim damages in excess of $300,000.

**<ins>FIRST CAUSE OF ACTION</ins>**
**(Breach of Contract against A1 Builder)**

11.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

12.     On or about November 1, 2018, Defendant A1 Builder executed a Credit Application ("Agreement") seeking to obtain materials, supplies, and/or other services ("Materials") on credit from Plaintiff.

13.     Plaintiff accepted A1 Builder's Credit Application.

14.     The Agreement is a valid and enforceable contract.

15.     A1 Builder otherwise formed a valid and enforceable contract with Plaintiff including by, but not limited to, oral offers made by A1 Builder to purchase the Materials and Plaintiff's acceptance to sell the Materials.

16.     Upon information and belief, the Materials were used for the Projects, including Lot 84, located in Washington County, Utah.

17.     A true and correct copy of the Agreement is attached hereto as Exhibit A and incorporated herein by reference. (Some personal information may have been redacted to protect the privacy of the parties.)

18.     Pursuant to the Agreement, Plaintiff agreed to provide the Materials to A1 Builder on credit, and A1 Builder agreed to pay for the Materials by the due date specified in each invoice.

19.     Shortly after the Agreement was entered into, A1 Builder began ordering and obtaining the Materials from Plaintiff for the Project(s).

20.     Plaintiff sent A1 Builder copies of all the invoices ("Invoices") for the Materials ordered and furnished to A1 Builder.

21.     Attached hereto as Exhibit B, and incorporated herein by reference, is a summary of the unpaid Invoices for Materials obtained by A1 Builder from Plaintiff.

22.     Copies of the Invoices were previously delivered and provided to A1 Builder.

23.     The Invoices include the order date, description of the Materials, and a payment due date.

24.     The Materials were furnished to A1 Builder for use on and/or incorporation into the Project(s) and were furnished to A1 Builder at one of Plaintiff's locations and/or delivered by Plaintiff to the Project(s).

25.     Plaintiff fully performed its obligations under the Agreement by furnishing the Materials.

26.     The value of the Materials furnished and that remains unpaid after all applicable credits and payments are applied is in the principal amount of $43,441.67.

27.     As of the date of this Complaint, A1 Builder has failed to pay the principal amount owing of $43,441.67, plus $195.00 in lien recording fees, plus pre-judgment and post-judgment interest at the rate of 1.5% per month (18% per annum), compounded monthly, from the date of each outstanding invoice, plus costs and attorney fees, as authorized by the Agreement.

28.     Despite demands for payment, A1 Builder has failed and/or refused to pay Plaintiff.

29.     Payment by A1 Builder is overdue, and its failure to pay constitutes a material breach of the Agreement.

30.     The Agreement provides for interest at the rate of 1.5% per month (18% per annum) on all amounts that are not paid when due.

31.     The Agreement also provides that, in the case of default, A1 Builder, agrees to pay Plaintiff's reasonable attorney fees and all costs.

32.     A1 Builder is liable in the principal amount stated herein plus pre-judgment and post-judgment interest at the rate of 1.5% per month (18% per annum), pursuant to the Agreement, on all Invoices outstanding, plus costs and reasonable attorney fees arising from the breach of the Agreement by A1 Builder.

33.     In the event that A1 Builder was paid by any owners or contractors of the Project(s), A1 Builder is alternatively liable for a charge in the amount of 1% per month of the amount due, for costs, and for attorney fees under Utah Code § 58-55-603.

34.    A1 Builder is alternatively liable for interest in the amount of 10% per annum pursuant to Utah Code § 38-1a-309(1) and Utah Code § 15-1-1(2) or pursuant to a rate specified in other applicable law.

## SECOND CAUSE OF ACTION
### (Breach of Personal Guarantee against Alma R. Olsen)

35.    Plaintiff incorporates by reference the allegations in the preceding paragraphs.

36.    On or about November 1, 2018, Alma R. Olsen signed a personal guarantee wherein he agreed to pay any indebtedness that A1 Builder might incur to Plaintiff.

37.    A true and correct copy of the personal guarantee is included in the Agreement, attached hereto as Exhibit A.

38.    Alma R. Olsen has failed to pay Plaintiff the indebtedness A1 Builder has incurred.

39.    By virtue of the personal guarantee he signed, Alma R. Olsen is personally liable to pay Plaintiff the amount determined herein to be due and owing by A1 Builder, including all interest, attorney fees, and costs.

## THIRD CAUSE OF ACTION
### (Lien Foreclosure – Lot 84)

40.    Plaintiff incorporates by reference the allegations in the preceding paragraphs.

41.    Plaintiff furnished Materials to Lot 84.  The outstanding principal amount owed for the improvements furnished is summarized in the table below.

42.    Plaintiff is also owed interest, lien recording fees, costs, and attorney fees, none of which has been included in the amount stated below, but which is nonetheless being sought by Plaintiff herein:

/ / /

| Legal Description And Parcel Number | Name of Owner(s) & Interest Holders | Principal |
|---|---|---|
| Legal:  Lot Eighty-Four (84) Serenity Hills 2ND AMD. Parcel:  SG-SRYH-84 | Alma R. Olsen and Chelsea N. Olsen | $9,010.72 |

43.    Defendants Olsen own, lease, encumber, or profess to have interest in Lot 84.

44.    Because of A1 Builder's failure to pay Plaintiff the reasonable value of the Materials provided; Plaintiff did cause a Notice of Construction Lien to be recorded against Lot 84 in the office of the Washington County Recorder.

45.    A true and correct copy of the Notice of Construction Lien recorded against Lot 84 is attached hereto as Exhibit C.

46.    A copy of the notice was delivered to the purported owner(s) of Lot 84 by certified mail within thirty days of the recording of the notice of lien.

47.    Plaintiff holds a valid construction lien against Lot 84 and has fulfilled all statutory requirements necessary to preserve said construction lien pursuant to Utah Code Ann. Section 38-1a-101 et seq.

48.    The lien has not been paid or discharged and there is still due and owing on said lien in favor of Plaintiff the amount shown in the foregoing table, plus $195.00 in lien recording fees, plus pre-judgment and post-judgment interest from the date of each outstanding invoice at the contractual rate of interest for any parties to the Agreement and at the rate of 10% per annum for any others, plus costs and attorney fees, as authorized by Utah Code Ann. §38-1a-706 and §38-1a-707(1).

49.    Plaintiff, by this action, seeks to exercise said lien and to foreclose Defendants Olsen's interests in Lot 84.

50.     All claims, rights, titles, and interests of Defendants Olsen in Lot 84, along with all interests in Lot 84 held by persons claiming by, through or under them, are junior, inferior, and subject to the prior claims and interests of Plaintiff.

51.     Pursuant to the provisions of Utah Code Ann. section 78B-6-1303, Plaintiff has caused or will cause a Lis Pendens to be recorded against Lot 84 in the office of the Utah County Recorder.

52.     Under the provisions of Utah Code Ann. sections 38-1a-706 and 38-1a-707(1), Plaintiff is entitled to reasonable attorney fees for the preparation and recording of the construction lien and Lis Pendens, and also for reasonable attorney fees for the enforcement of the lien and prosecution of this action.

53.     Plaintiff is entitled to an order directing Lot 84 to be sold, free and clear of the interests of Defendants Olsen (and those acquiring interests through Defendants Olsen), with the proceeds being used to satisfy the debt owed to Plaintiff.

54.     Plaintiff has attached hereto as Exhibit "D" instructions relating to owners' rights under Utah Code Ann. section 38-11-101 et seq. and a form affidavit enabling the owner(s) to specify the grounds upon which the owner(s) may exercise available rights under that Act.

### FOURTH CAUSE OF ACTION
**(Quantum Meruit: Contract Implied in Law/Unjust
Enrichment against A1 Builder and/or Defendants Olsen)**

55.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

56.     The Materials A1 Builder received from Plaintiff for the Project(s) provided a benefit to A1 Builder and/or Defendants Olsen.

57.     At all times, A1 Builder and/or Defendants Olsen had appreciation and knowledge of the benefit that Plaintiff was conferring, including but not limited to the benefit the Materials conferred upon the Projects for which A1 Builder received compensation, whether directly or indirectly.

58.     A1 Builder and/or Defendants Olsen have retained the benefit provided by Plaintiff without paying therefore under such circumstances as to make it unjust and inequitable to retain the benefit without payment of its value.

59.     A1 Builder and/or Defendants Olsen have been unjustly enriched in the principal amount of $43,441.67 (for A1 Builder) and $9,010.72 (for Defendants Olsen), plus $195.00 in lien recording fees, plus pre-judgment and post-judgment interest at the at the maximum rate allowed by law, from the date of each outstanding invoice, plus costs and attorney fees, as authorized by statute.

60.     In the event that A1 Builder was paid by any owners or contractors of the Project(s), A1 Builder is liable for interest under a contract implied in law in the amount of 1% per month of the amount due, for costs, and for attorney fees under Utah Code § 58-55-603.

61.     A1 Builder and/or Defendants Olsen are alternatively liable for interest under a contract implied in law in the amount of 10% per annum pursuant to Utah Code § 38-1a-309(1) and Utah Code § 15-1-1(2) or pursuant to a rate specified in other applicable law.

### FIFTH CAUSE OF ACTION
**(Quantum Meruit: Contract Implied in Fact
against A1 Builder and/or Defendants Olsen)**

62.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

63.     A1 Builder and/or Defendants Olsen requested that Plaintiff provide the Materials, and Plaintiff provided the Materials.

64.     Plaintiff expected A1 Builder and/or Defendants Olsen to compensate Plaintiff for the Materials it provided, and the amount of this compensation was set forth in the Invoices.

65.     A1 Builder and/or Defendants Olsen knew or should have known that Plaintiff expected this compensation.

66.     A1 Builder and/or Defendants Olsen are liable for amounts owing under a contract implied in fact in the principal amount of $43,441.67 (for A1 Builder) and $9,010.72 (for Defendants Olsen), plus $195.00 in lien recording fees, plus pre-judgment and post-judgment interest at the maximum rate allowed by law from the date of each outstanding invoice, plus costs and attorney fees, as authorized by statute.

67.     In the event that A1 Builder was paid by any owners or contractors of the Project(s), A1 Builder is liable for interest under a contract implied in fact in the amount of 1% per month of the amount due, for costs, and for attorney fees under Utah Code § 58-55-603.

68.     A1 Builder and/or Defendants Olsen are alternatively liable for interest under a contract implied in fact in the amount of 10% per annum pursuant to Utah Code § 38-1a-309(1) and Utah Code § 15-1-1(2) or pursuant to a rate specified in other applicable law.

## SIXTH CAUSE OF ACTION
### (Action for Declaratory Relief)

69.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

70.     Plaintiff seeks a court order for declaratory relief establishing one or more of the following facts, as may be necessary to allow Plaintiff to recover payment from the state's Lien Recovery Fund:

    i.        That A1 Builder failed to pay Plaintiff pursuant to its contract with Plaintiff.

    ii.       That L & W provided qualified services (as defined by Utah Code Ann. § 38-11-102) to real estate owned by (outlined in the table below):

| Owner Name: | Alma R. Olsen and Chelsea N. Olsen |
|---|---|
| Address of Property | 2592 E. Rasmussen Drive, St. George, Washington County, Utah |
| Beginning Date | October 11, 2019 |
| End Date | October 17, 2019 |
| Description of Materials | Building Supplies and Materials |
| Value / Amount | $9,010.72 |

    iii.      The amount of each general contract under which Plaintiff provided services, labor, or materials exceeds $5,000.00.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment as follows:

1.      Judgment in favor of Plaintiff and against A1 Builder, and Alma R. Olsen, jointly and severally, in the principal amount of $43,441.67, plus $195.00 in lien recording fees, plus pre-judgment and post-judgment interest at the rate of 1.5% per month (18% per annum), compounded monthly, from the date of each outstanding invoice, plus costs and attorney fees, as authorized by the Agreement.

2.      Under the Third Cause of Action (Lien Foreclosure), for a decree of foreclosure enforcing Plaintiff's lien in the principal amount of $9,010.72, plus $195.00 in lien recording fees, plus pre-judgment and post-judgment interest from the date of each outstanding invoice at the contractual rate of interest for any parties to the Agreement and at the rate 10% per annum for any others, from the date of each outstanding invoice, plus costs and attorney fees; and foreclosing Defendants Olsen's interests in Lot 84 and ordering the County Sheriff to sell Lot 84 in accordance

with the laws and practices of this court, and to further apply the sale proceeds to reduce and/or satisfy the debt owed to Plaintiff, in the manner established by law.

3.      For an order entering the declaratory relief sought in Plaintiff's Sixth Cause of Action.

4.      For such other and further relief as the Court deems just and equitable.

5.      For an order permitting Plaintiff to augment any judgment it obtains herein to include the amount of reasonable costs and attorney fees incurred by Plaintiff in obtaining, enforcing, and preserving the judgment.

DATED this 19th day of June 2020.

SKOUBYE, NIELSON & JOHANSEN, LLC

By: /s/ *Conrad H. Johansen*
        Conrad H. Johansen
        Stephen M. Bigham
        *Attorneys for Plaintiff*

**Plaintiff's Address**
1300 South River Road, Ste. 100
West Sacramento, CA 95691

## **VERIFICATION**

I, Kellie Miller, being first duly sworn deposes and states:  I am the Customer Account Executive with L & W Supply Corporation, which is the Plaintiff in the above-captioned action, and I am authorized to make statements and submit this verification on behalf of L&W Supply Corporation. I have read the factual allegations contained in the foregoing Verified Complaint, and I declare under criminal penalty of the state of Utah that to the best of my knowledge and belief, including personal knowledge or information provided by other employees, the factual allegations are true, except as to matters therein stated to be on belief, and as to such matters, I certify as aforesaid that I believe the same to be true.

DATED this 22nd day of June, 2020.

By: /s/  Kellie Miller*
      Kellie Miller, Account Executive
      for Plaintiff
      *Electronically signed by Plaintiff's counsel
      with Permission from Ms. Miller.*

INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT A

**APPROVED**
**By Jeff Richards at 2:04 pm, Nov 01, 2018**

## 1. TELL US ABOUT YOUR COMPANY

**Type of Ownership**
☐ Partnership  ☐ Corporation  ☑ Proprietorship  ☐ LLC (attach list of members)

Trade/Business Name _A1 Builder Investments Inc._
"Buyer"

Address 1 _1280 Lamoille Hwy  Building 6  Suite 627_
Attach Business Card or Complete

Address 2 _Elko              NV      89801_
City              State    Zip

Phone _775-753-5050_  Fax _775-738-3719_

Cell Phone _____  Email _a1builderoffice@gmail.com_

State Contractors License # (if applicable) _____

Have you purchased from L&W Supply before? Where _No_

Estimated Monthly Purchases _45,000_

Year Business Started _2010_   Federal Tax I.D.# ▓▓▓▓

If Tax Exempt - Attach Certificate ☐ Attached

Do You Issue a Purchase Order ☒ Yes ☐ No

Person to Contact Regarding Accounts Payable: _Rose Anna Alvarez_

at Phone ▓▓▓▓▓▓▓▓▓▓

**Owners and/or Officers Information:**

Name _Alma Olsen_        Title _President_

SSN # ▓▓▓▓▓▓     Address ▓▓▓▓▓▓

City ▓▓▓▓▓▓

Date ▓▓▓▓▓▓

Drive ▓▓▓▓▓▓

Name _____  Title _____

SSN # _____  Address _____

City _____  State _____  Zip _____

Date of Birth _____  County _____

Driver's License # _____

### Agreement:

Buyer authorizes all persons, institutions, organizations, companies and credit reporting agencies to furnish all pertinent information, including commercial and consumer credit reports, requested from time to time by L&W Supply. The undersigned and Buyer, if different, each warrant that the information given is true and no unfavorable information has been omitted. The extension of credit hereunder, the amount of credit and the cancellation or reduction of credit shall be within the sole discretion of L&W Supply. Buyer agrees to be bound by L&W Supply's Credit Agreement and Purchase Agreement and acknowledges receipt of same. Each undersigned individual who is either a partner of the Buyer as credit applicant or a sole proprietorship of the Buyer as credit applicant, recognizing that his orher individual credit history may be a factor in the evaluation of the credit history of thebuyer, hereby consents for and authorizes L&W Supply to obtain and use consumer credit reports for each undersigned individual, from time to time as may be needed, to evaluate the credit of Buyer.

## 2. SIGN HERE (acknowledges & agrees to be bound by attached terms & conditions)

Signature _Alma Olsen_        Date _11-1-18_

Print _Alma Olsen_

## 3. YOUR PERSONAL GUARANTY

Giving us your personal guaranty will speed the process of approving your application:

**Continuing Guaranty**

I (we) the undersigned understand that the information furnished you is for the purpose of obtaining credit from your company, that I am (we are) authorized, in my (our) capacity, to bind my (our) company accordingly. I (we) the undersigned, hereinafter referred to as guarantors, do jointly, severally, and unconditionally guarantee and promise to promptly pay when due any and all indebtedness of Buyer to L&W Supply, together with any late payment charge that may accrue thereon, regardless of how such indebtedness is, incurred whether such indebtedness is direct or indirect, absolute or contingent, due or to become due, or exists now or arises hereafter. In addition, the Guarantor(s) agree to pay all costs of collection, legal expenses and attorney's fees paid or incurred by L&W Supply in the collection of Buyer's indebtedness and in enforcing this Continuing Guaranty. The foregoing indebtedness, principal, interest, costs, expenses and fees are hereinafter called the "Indebtedness." Each undersigned guarantor agrees to be bound by L&W Supply's Terms and Conditions of Continuing Guaranty.

Each undersigned personal guarantor, recognizing that his or her individual credit history may be a necessary factor in the evaluation of this Continuing Guaranty, hereby consents for and authorizes L&W Supply to obtain and use consumer credit reports for each undersigned, fromtime to time as may be needed to evaluate the credit of Buyer and/or the undersigned.

## 4. GUARANTORS SIGN HERE

Complete Legal Signature _Alma Olsen_

Name _Alma     Russell     Olsen_
First        Middle       Last

Complete Legal Signature _____

Name _____
First        Middle       Last

Home Address _____

_____
City        State        Zip

Phone _____  SSN # _____

| | L&W Supply Corporation | |
|---|---|---|
| Store Use Only | Sales Associate _____ | |
| | Sales # _____ | Branch # _____ |

Form A1411A Revised 11/13

# L&W SUPPLY CORPORATION CREDIT AGREEMENT

As a condition to the election of L&W Supply Corporation a Delaware corporation with its principal place of business at 550 West Adams Street, 11th Floor, Chicago IL 60661 (hereinafter, "Seller") to extend credit to Buyer, Buyer has executed Seller's Credit Application and agrees to the following terms and conditions for all purchases made by Buyer from Seller or any of its subsidiaries. All purchases by Buyer from Seller are made pursuant to this Credit Agreement, the Seller Credit Application, and Seller Purchase Agreement. The terms and conditions of the Seller Credit Application and the Seller Purchase Agreement are incorporated by reference herein. Any payments made through Seller's Internet-based Invoice Gateway (more information at http://www.lwsupply.billtrust.com) are also subject to the terms and conditions of the Invoice Gateway, which Buyer hereby acknowledges and accepts. The Credit Application, Credit Agreement, the Purchase Agreement and the Invoice Gateway terms and conditions (if applicable) together constitute the entire agreement between Seller and Buyer and will be collectively referred to from time to time as the Agreement. In the event of any conflict in the terms of the aforementioned, the terms of the Seller Purchase Agreement will control.

## A. General Terms and Conditions.

1. Buyer will pay each invoice in full in accordance with the terms of the particular Purchase Agreement, invoice, or other shipping document, with or without Buyer's signature. In the event Buyer fails to make payment when due, Buyer will pay, in addition to the invoice amount, a monthly late payment charge of 1.5%. Seller reserves the right to change such charges from time to time in its sole discretion and without notice. All payments are due within terms. Buyer agrees that should the late payment charge be deemed by a court of competent jurisdiction to violate any law, Buyer's sole remedy against Seller for such violation will be the application of any late payment charge paid in excess of the maximum rate allowable by law toward the unpaid account balance (or a refund of such excess if no account balance remains unpaid).

2. Buyer agrees to pay all costs of collection by Seller of any amounts due hereunder, including actual attorney's fees. Buyer further agrees that, in the event any action arising out of or related to the Agreement between Buyer and Seller, and Seller prevails, Buyer will pay Seller its actual attorney's fees and other costs incurred as a result of or in connection with such action. To the extent state law limits the recoverability of attorney's fees, Seller will be entitled to recover its fees up to the maximum allowed by state law.

3. Seller will have the sole discretion and complete right to apply any payment received from Buyer hereunder in any manner that Seller deems proper. Unless otherwise specified in the remittance advice, Seller may apply payments first to late payment charges, service charges, shipping charges, attorney's fees, or any other applicable charge, in any order, before applying the remainder of any such payments toward Buyer's principal account balance.

4. Buyer represents and warrants that Buyer is not a "consumer" as defined in the Federal Consumer Credit Protection Act, or any other consumer credit laws (Federal, State or Local), and Buyer waives all rights granted to consumers under the Federal Consumer Credit Protection Act, and other Federal, State and Local laws pertaining to "consumer" rights. Buyer further represents and warrants that all purchases made from Seller and any credit extended hereunder will be used solely for business and commercial purposes. Buyer further represents and warrants that any purchases from Seller of "consumer products" as defined in the Magnuson Moss Act, or any similar law are being made (i) for resale, (ii) for use in commercial structures, or (iii) for use in the construction of a new residential structure or a substantial addition or re-model to an existing residential structure. Buyer acknowledges and agrees that Seller is a distributor, not a manufacturer, and does not provide warranties on the goods it merely distributes.

5. If this Credit Application and Credit Agreement is executed by a corporation, LLC, partnership or other business entity or company ("Company"), the undersigned individual represents and warrants that the Company has the power to enter into this Agreement, the execution of this Agreement by the undersigned has been duly authorized by the Company and this Agreement is in the best interest of the Company.

6. Governing Law: Any action arising out of or related to the Agreement will be brought, at Seller's sole discretion, in a court of law or equity in a county in which the pertinent Seller Branch is situated or, in the county in which the project for which the goods are used or to be used is located, or where an action between Seller and a third party is pending that concerns the subject matter of the agreement. The Agreement will be governed by and construed and enforced in accordance with the procedural and substantive laws of the State where the action is brought. BUYER WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY REGARDING ANY AND ALL DISPUTES ARISING OUT OF THIS AGREEMENT, subject to the law of the jurisdiction where the action is pending. The Agreement contains the full, final and exclusive statement of the Agreement between Seller and Buyer, and no terms and conditions other than those stated herein, and no agreement or understanding in any way purporting to modify the terms and conditions thereof, will be binding on Seller without Seller written consent. Waiver by Seller of any terms or conditions of this contract or waiver of any breach thereof will not be construed as a waiver of any other terms, conditions, or breach. Determination that any provision of the Agreement is illegal or invalid will not affect the validity or enforceability of the remaining provisions of the Agreement.

7. Buyer agrees to provide Seller with no less than thirty days prior written notice by Certified or Registered Mail of any change in Buyer's name, address, ownership, or form of business entity.

8. All notifications from Buyer should be addressed to the Seller branch from which Buyer has purchased the most goods in the last 90 days. A copy of all notifications should also be sent to the Executive Director of Customer Financial Services at 550 West Adams Street, 11th Floor, Chicago IL 60661.

9. Conflicting Provisions and Order of Precedence: The terms and conditions noted in this Agreement will govern and apply to any and all purchases, whether for materials and/or services made by the Buyer from Seller or any division, affiliate and/or predecessor thereof, at any time whatsoever, whether past, present, or future. In the event the terms and conditions noted herein conflict with terms and conditions of any other existing or future agreement between Seller and Buyer, including, without limitation, any purchase orders or other documents issued by Buyer relating to any material purchases, then in each instance, the terms and conditions of Agreement noted herein shall prevail in all respects, notwithstanding any language in such other agreement or document to the contrary. Buyer hereby acknowledges that this provision is a material inducement to Seller to establish an open account business relationship with Buyer and extending any and all payment terms or credit to the Buyer.

10. Counterparts: This Credit Agreement may be executed in counterparts each of which will constitute an original and all of which taken together will constitute a single agreement. Delivery of an electronic image and/or facsimile copy of this executed Agreement or any other document or of an executed counterpart signature page to this Agreement by facsimile, email or other electronic method, or delivery of an email communication from an authorized representative of a party providing such party's acceptance or approval of a document previously transmitted to such party by electronic means, will be binding and considered a delivery of an executed original of such document.

11. Indemnity: TO THE FULL EXTENT PERMITTED BY LAW, BUYER AGREES TO PROTECT, DEFEND, INDEMNIFY AND HOLD SELLER (INCLUDING ITS AFFILIATED COMPANIES, AGENTS, OFFICERS, AND EMPLOYEES, COLLECTIVELY REFERRED TO AS THE "INDEMNITEE") FREE AND HARMLESS FROM AND AGAINST ANY AND ALL EXPENSES, CLAIMS, DEMANDS, CAUSES OF ACTIONS, SUITS OR OTHER LITIGATION

(INCLUDING, WITHOUT LIMITATION, CLAIMS FOR ACTUAL, STATUTORY, PUNITIVE OR EXEMPLARY DAMAGES, AND ALL COSTS THEREOF AND ATTORNEYS' FEES) OF EVERY KIND AND CHARACTER ON ACCOUNT OF PROPERTY DAMAGE, BODILY INJURY, SICKNESS, DEATH OR OTHER LOSS (HEREIN COLLECTIVELY REFERRED TO AS THE "LOSS") IN ANY WAY OCCURRING, INCIDENT TO, ARISING OUT OF OR IN CONNECTION WITH (1) BREACH OF THE WARRANTIES AND REPRESENTATIONS PROVIDED HEREIN; (2) ANY MISREPRESENTATIONS MADE BY BUYER HEREIN; OR (3) ANY BREACH OF OR DEFAULT UNDER THE CREDIT APPLICATION AND AGREEMENT.

DEFAULT: Subject to the limitations of applicable law, Seller may declare Buyer to be in default under this Agreement if Buyer: (a) fails to make any payment when due; (b) violates any part of this Agreement or any other agreement Buyer has with Seller; (c) becomes the subject of bankruptcy, receivership or other insolvency proceedings; (d) exceeds the credit limit on Buyer's account; or (e) Seller reasonably believes itself to be insecure. After Buyer's default, and subject to the limitations of applicable law, Seller has the right, in its sole discretion, to: (i) reduce Buyer's credit limit; (ii) terminate Buyer's account, in which case the terms of this Agreement will apply until full payment owing on Buyer's account is received, including finance charges which will continue to accrue until the date of full payment; (iii) require immediate payment of Buyer's entire account balance, all accrued but unpaid finance charges (if applicable), and all fees and other charges listed in this Agreement; and (iv) bring an action to collect all amounts owed.

## B. Terms and Conditions of Continuing Guaranty.

For value received, and for the purpose of influencing Seller to extend credit or other financial accommodations, or to continue to extend credit or other financial accommodations, to Buyer, each person or entity who signed the Seller's Credit Application as guarantor (hereinafter "Guarantor", whether one or more) hereby guarantees jointly and severally, without limitation as to amount, the prompt payment when due of any and all Indebtedness of Buyer to Seller, together with any late payment charge that may accrue thereon, regardless of how such indebtedness is incurred, whether such indebtedness is direct or indirect, absolute or contingent, due to become due, or exists now or arises hereafter, on the terms and conditions herein (the "Guaranty"). In addition, Guarantor agrees to pay all costs of collection, legal expenses and attorney's fees paid or incurred by Seller in the collection of Buyer's indebtedness and in enforcing this Guaranty. The foregoing indebtedness, principal, interest, costs, expenses and fees are hereinafter called the "Indebtedness".

1. No extension or renewal of time of payment of the Indebtedness, no release or surrender of any security for the Indebtedness of this Guaranty, no release of any person primarily or secondarily liable on the Indebtedness and no delay in enforcement of payment of the Indebtedness under this Guaranty will affect the liability of Guarantor hereunder. Any and all payments upon the Indebtedness made by Buyer, Guarantor, or any other person and the proceeds of any and all collateral or security for any of the Indebtedness may be applied by Seller upon such of the items of the Indebtedness as Seller will determine in its sole discretion.

2. Guarantor waives notice of acceptance of this Guaranty, notice of the extension of creditor financial accommodation to Buyer, notice of the amount of Indebtedness which may exist from time to time, notice of any extension of the time for payment, demand for payment, notice of non payment, protest, notice of protest, and all other notices of every kind and nature, and agrees that this Guaranty may be enforced against the undersigned without any prior or concurrent proceeding or action against Buyer. The obligations of the Guarantor will not be affected by: (a) the failure of Seller to assert any claim or demand or to enforce any right or remedy against the Buyer or another Guarantor; or (b) any extension, modification, or renewal of the terms or amount of the Indebtedness.

3. This Guaranty is a continuing guaranty and will remain in full force and will be binding upon Guarantor and Guarantor's heirs, executors, administrators, and assigns notwithstanding the death of one or more of the undersigned, until after the later of (a) expiration of thirty (30) days after written notice of by Certified or Registered Mail of revocation is received by Seller as referenced in Section 12 and (b) all of the Indebtedness owed to Seller by Buyer will have been fully paid (including all late payment charges and attorneys fees which accrue after expiration of the 30 day period).

4. This Guaranty is the joint and several obligation of each person and entity that signs the Guaranty.

5. If this Guaranty is executed by a corporation, LLC, partnership or other business entity or company ("Entity"), the undersigned individual represents and warrants that the Entity has the power to make this Guaranty, the execution by the undersigned of the Guaranty on behalf of the Entity has been duly authorized and this Guaranty is in the best interest of the Entity.

6. Guarantor hereby waives and renounces any and all homestead or exemption rights Guarantor may have under or by virtue of the constitution or laws of the state of Guarantor's domicile, or of any other state of the United States as against the liability and obligation hereby created. Guarantor transfers and assigns to Seller an amount of any homestead or exemption that may be allowed to Guarantor, including such homestead or exemption as may be set apart in bankruptcy, equal to the amount necessary to pay this obligation in full together with all costs of collection.

7. Guarantor further agrees to the extent that the Buyer makes a payment or payments to Seller or Seller receives any proceeds or collateral, which payment or payments or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside and/or required to be repaid to the Buyer, its estate, trustee, receiver, or any other party including without limitation the Guarantor, under any bankruptcy law, state or federal law, common law or equitable cause, then to the extent of such payment or repayment, Buyer's obligations, or the part thereof which has been paid, reduced or satisfied by such amount, will be reinstated and continued in full force and effect as of the date such initial payment, reduction or satisfaction occurred.

8. Guarantor waives all claims for subrogation, reimbursement, exoneration, contribution and indemnification with respect to sums paid or payable to Seller by Guarantor. Guarantor hereby waives any right to enforce any remedy that Seller now has or may hereafter have against the Buyer. Guarantor further agrees that any and all claims of Guarantor against Buyer will be subordinate and subject on right of payment to the prior payment in full of all principal, interest, reasonable costs of collection (including attorneys' fees and expenses), and any other liabilities or obligations owing to Seller by Buyer.

9. Should any one or more provisions of this Guaranty be determined to be illegal or unenforceable by a court of competent jurisdiction, all other provisions will remain effective.

10. All obligations are payable and performable at the address of Seller as identified in Section 12 below, unless Seller provides notice to Buyer or Guarantor of a change of address.

11. Guarantor authorizes all persons, institutions, organizations, companies and credit reporting agencies to furnish any and all information, including commercial and consumer credit reports, regarding Guarantor requested from time to time by Seller.

12. All notifications should be addressed to the Seller branch from which Buyer has purchased the most goods in the last 90 days. A copy of all notifications should also be sent to the Executive Director of Customer Financial Services at Seller's National Support Center at 550 West Adams Street, 11th Floor, Chicago IL 60661.

## L&W SUPPLY CORPORATION PURCHASE AGREEMENT TERMS & CONDITIONS OF SALE

1. Any purchase made on credit requires that Buyer have on file with L&W Supply Corporation, ('L&W Supply') an approved Credit Application. Buyer further confirms Buyer's consent to L&W Supply's Credit Agreement, the terms and conditions of which have been read by Buyer and are incorporated by reference herein.

2. L&W Supply acknowledges and accepts Buyer's order, L&W Supply's acknowledgment and acceptance is expressly conditioned upon Buyer's acceptance of the terms and conditions herein. No terms or conditions other than those stated herein, whether contained in Buyer's purchase order, shipping release, or elsewhere, and no written or oral agreement that purports to vary these terms and conditions shall be binding upon L&W Supply unless hereafter set forth in a writing signed by L&W Supply's authorized representative. All negotiations, proposals and representations are merged herein, and this writing constitutes the complete and exclusive statement of the terms and conditions of this Purchase Agreement between Buyer and L&W Supply. In the event Buyer fails to accept this Purchase Agreement in writing, Buyer's consent to the terms and conditions herein shall be conclusively presumed, either from Buyer's failure to object in ten days in writing or from Buyer's acceptance or use of the material delivered hereunder.

3. In any case, in which L&W Supply makes delivery, Buyer hereby agrees to pay L&W Supply's customary shipping charges. Delivery shall be made at the project site or other place of delivery adjacent to the closest public right of way. The risk of loss shall pass to Buyer upon delivery of the goods should Buyer not be present to accept' delivery. Buyer hereby authorizes L&W Supply to unload the goods and leave them at the delivery destination. Buyer shall release L&W Supply and shall indemnify and hold harmless L&W Supply from and against any and all claims demands, actions, causes of action, cost, expenses, and attorney's fees arising out of or in connection with any and all injury including death, to any person or persons (whether third parties or agents, servants, or employees of Buyer), any and all damages to or loss of any property (whether belonging to Buyer or a third party), and any and all other damages recognized at law or in equity caused in whole or in part by or in any way related to the delivery of goods onto the project site, whenever such delivery is made in accordance with or pursuant to Buyer's instructions.

4. Buyer shall have the right to inspect the goods upon arrival. Buyer's inspection rights shall expire 24 hours after the arrival of the goods at the delivery destination. A failure to make inspection within that time shall waive notice of any defect which reasonable inspection would have revealed. A rejection of the goods by Buyer shall not be effective unless it is made and written notice thereof is given to L&W Supply within 5 calendar days of delivery.

5. L&W Supply shall have the right, without prejudice to any, other rights, to suspend further deliveries of any items purchased if Buyer defaults in payment of any amounts due, or whenever L&W Supply may deem itself insecure as to Buyer's performance, until Buyer remedies such default or provides adequate assurance to L&W Supply of Buyer's ability to perform.

6. Unless otherwise provided by law, L&W Supply may require Buyer to pay or to reimburse L&W Supply for any tax (except income tax) which now or hereafter may be imposed by any taxing authority with respect to the items purchased or the sale, purchase, manufacture, delivery or use thereof.

7. L&W Supply reserves the right to discontinue, without liability hereunder, deliveries of any merchandise, the manufacture, use and/or sale of which in the opinion of L&W Supply would infringe any patent now or hereafter issued and under which L&W Supply is not licensed.

8. Where Buyer requires tests or inspection not regularly provided by L&W Supply, L&W Supply may charge Buyer for the actual cost of such test or inspections.

9. An order may be terminated by Buyer before completion only with L&W Supply's written consent, in which event Buyer shall pay to L&W Supply:
   (a.) The contract price for all products, which shall have been delivered or completed prior to receipt of notice of termination.
   (b.) All actual costs incurred by L&W Supply in connection with the uncompleted portion of the order.
   (c.) Cancellation charges, it any, of L&W Supply because of its commitments, made under the order.

10. Buyer shall not hold L&W Supply responsible for any delay caused in whole or in part by circumstances beyond L&W Supply's reasonable control, including but not limited to, force majeure, fires, or accidents; strikes or other differences with workmen: war (whether declared or undeclared), riots, or embargoes; delays by carriers; delays in shipment or receipt of materials from suppliers; or any legislative, administrative or executive law, order, or requisition of the federal or any state or local government or any subdivision, department, agency, officer or official thereof. L&W Supply shall not be liable in any event for any special, incidental, or consequential damages caused by L&W Supply's failure or delay in performance or delivery due to any cause whatsoever, it L&W Supply is unable, due to any cause beyond L&W Supply's control, to supply Buyer's total demand for products. L&W Supply may allocate its available supply among L&W Supply's customers, including L&W Supply's branches and affiliates, in any manner L&W Supply deems reasonable.

11. L&W Supply shall assign or transfer to Buyer any assignable or transferable manufacturer's warranties, it any, applicable to this purchase, in lieu of all other warranties, express or implied. L&W Supply MAKES NO OTHER WARRANTIES, EITHER EXPRESS OR IMPLIED, AND SPECIFICALLY DISCLAIMS ANY IMPLIED WARRANTIES INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. There is no warranty that extends beyond the description on the face of this Purchase Agreement.

12. L&W Supply shall not be liable under any circumstances for consequential or incidental damages arising out of, or in connection with, this Purchase Agreement. The liability of L&W Supply is limited to repayment of the purchase price of items not conforming to the description on the face hereof upon return of the items. This remedy is the exclusive remedy of Buyer under this Purchase Agreement. L&W Supply shall not be liable for any damages attributable to product abuse, misuse, neglect or any other cause, which is not the fault of L&W Supply.

13. Buyer agrees to indemnify and hold harmless L&W Supply from and against any and all claims, demands, actions, causes of action, costs, expenses, and attorney's fees arising out of or in connection with any and all injury, including death, to any person or persons (whether third parties or agents, servants or employees of Buyer), any and all damages to or loss of any property (whether belonging to Buyer or to a third party), and any and all other damages recognized at law or in equity, caused by or resulting from in whole or in part, any act(s) or omission(s), negligent or otherwise, of Buyer, or any of Buyer's agents, servants, employees, subcontractors or customers. In the event that the applicable law prohibits enforcement of this clause as written, then and only then, this clause shall be modified to provide the maximum indemnification to L&W Supply, as indemnitee, allowable under that applicable law.

14. This Purchase Agreement shall be governed by and construed according to the laws of Wisconsin (without regard to internal principles of conflicts of law). Any action brought, upon by or reason of, this Purchase Agreement shall be brought, in L&W Supply's sole discretion, either in a court with jurisdiction over the county in which the L&W Supply branch is located, in a court with jurisdiction over the county in which the project for which the goods are to he used is located, or in a Court or before an arbitration panel where an action between L&W Supply and a third party is pending which concerns the subject matter of this Purchase Agreement. Buyer agrees that, in the event, any action is brought upon, or due to, this Purchase Agreement by either Buyer or L&W Supply, and L&W Supply prevails, Buyer shall pay L&W Supply's reasonable attorney's fees and other costs incurred because of or in connection with such action.

15. Waiver by L&W Supply of any terms or conditions of this contract or waiver of any breach hereof shall not be construed as a waiver of any other term, condition, or breach. Determination that any provision of this Agreement is illegal or invalid shall not affect the validity or enforceability of the remaining provisions of this Agreement.

16. Customer acknowledges and agrees that nothing herein binds L&W Supply to extend any credit to Customer. However, if L&W Supply does extend credit to Customer, L&W Supply reserves the sole discretion to establish the amount and terms of such credit. L&W Supply reserves the right to stop shipments that exceed credit limits and/or exceed or violate invoice terms established from time to time by L&W Supply in its sole discretion. If at any time, in L&W Supply's sole discretion, the financial condition of Customer is determined to be unsatisfactory to L&W Supply, L&W Supply reserves the right to require Customer to make payment for the goods and services in advance as a condition to L&W Supply's performance.

INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT B

| Project / ACCT | Invoice Date | Invoice No. | Amount | Project Total |
|---|---|---|---|---|
| **0001** | | | | |
| | 9/17/2019 | 217363562 | $  430.58 | |
| | | | | $  430.58 |
| **0002 Serenity Hills Lien** | | | | |
| | 10/11/2019 | 217365030 | $  5,388.00 | |
| | 10/17/2019 | 217365239 | $  3,622.72 | |
| | | | | $  9,010.72 |
| **Moody** | | | | |
| **Elk, NV 89801** | 8/30/2019 | 225106352 | $  2,677.13 | |
| | | | | $  2,677.13 |
| **Utter** | | | | |
| **Spring Creek, NV 89815** | 9/9/2019 | 225106565 | $  5,419.15 | |
| | | | | $  5,419.15 |
| **Bacus** | | | | |
| **Spring Creek, NV 89815** | 9/17/2019 | 225106838 | $  2,400.05 | |
| | | | | $  2,400.05 |
| **Izoco** | | | | |
| **Elko, NV 89801** | 9/18/2019 | 225106882 | $  3,887.98 | |
| | | | | $  3,887.98 |
| **Topholm** | | | | |
| **Wells, NV 89801** | 9/18/2019 | 225106883 | $  3,467.78 | |
| | | | | $  3,467.78 |

Topholm

Wells, NV 89801 | 9/18/2019 | 225106884 | $ | 596.96 | |
| | | | | | $ | 596.96

Brown

Spring Creek, NV 89815 | 9/26/2019 | 225107128 | $ | 6,722.14 | |
| | | | | | $ | 6,722.14

Wilson

Carlin, NV 89822 | 10/7/2019 | 225107441 | $ | 2,807.80 | |
| | | | | | $ | 2,807.80

Frazier

Star Valley, NV 00097 | 11/5/2019 | 225108378 | $ | 3,044.61 | |
| | | | | | $ | 3,044.61

Ames

Elko, NV 89701 | 11/5/2019 | 225108379 | $ | 2,976.77 | |
| | | | | | $ | 2,976.77

**Totals** | | | $ | 43,441.67 | $ | 43,441.67

INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT C

Lien Page 1 of 1
Russell Shirts Washington County Recorder
01/23/2020 04:45:54 PM Fee $40.00 By LIEN UTAH
LLC

**WHEN RECORDED RETURN TO:**
L&W Supply Corporation d/b/a Building Specialties
1300 S River Road Ste 100
West Sacramento, CA 95691
(872) 276-7178

## NOTICE OF CONSTRUCTION LIEN

L&W Supply Corporation d/b/a Building Specialties, 1300 S River Road Ste 100, West Sacramento, CA 95691, (872) 276-7178, lien claimant, through its limited recording agent, Lien Utah LLC, hereby holds and claims a construction lien, pursuant to Section 38-1e-101 et. seq. Utah Code Annotated 1953, as amended, upon the property and improvements owned or reputed to be owned by ALMA R OLSEN & CHELSEA N OLSEN and located at approximately 2592 E RASMUSSEN DRIVE, ST GEORGE, WASHINGTON County, Utah and more particularly described as follows:

LEGAL: LOT EIGHT-FOUR (84) SERENITY HILLS 2ND AMD
PARCEL NO. SG-SRYH-84

The lien claimant claims a lien upon the above described property for amounts owing for furnishing BUILDING MATERIALS in connection with the improvement of said real property. The lien claimant was employed by or furnished the aforesaid materials, equipment, or services to A1 BUILDER INVESTMENTS, 1280 LAMOILLE HIGHWAY, ELKO, NV 89801. There is currently believed to be owed $9,010.72, which principal amount could change, should additional credits or charges be discovered. L&W Supply Corporation d/b/a Building Specialties furnished the first said materials, equipment, or services on OCTOBER 11, 2019, and the last materials, equipment, or services were furnished on OCTOBER 17, 2019. If the lien claimant prevails on the enforcement of this lien, the claimant will also be seeking recovery of its lien filing fee of $195.00, interest, legal costs, and attorney fees.

NOTICE:
PROTECTION AGAINST LIENS AND CIVIL ACTION. Notice is hereby provided in accordance with Section 38-11-108 of the Utah Code that under Utah law an "owner" may be protected against liens being maintained against an "owner- occupied residence" and from other civil action being maintained to recover monies owed for "qualified services" performed or provided by suppliers and subcontractors as a part of this contract, if either section (1) or (2) is met: (1)(a) the owner entered into a written contract with an original contractor, a factory built housing retailer, or a real estate developer; (b) the original contractor was properly licensed or exempt from licensure under Title 58, Chapter 55, Utah Construction Trades Licensing Act at the time the contract was executed; and(c) the owner paid in full the contracting entity in accordance with the written contract and any written or oral amendments to the contract; or (2) the amount of the general contract between the owner and the original contractor totals no more than $5,000." (3) An owner who can establish compliance with either section (1) or (2) may perfect the owner's protection by applying for a Certificate of Compliance with the Division of Occupational and Professional Licensing. The application is available at www.dopl.utah.gov/rlrf.

Dated JANUARY 23, 2020.        Copy sent to owner of record via Certified Mail #7018 0680 0000 3196 3631

L&W Supply Corporation d/b/a Building Specialties claimant
By limited agent, Lien Utah LLC,

By: _____
Lixi Frandsen

STATE OF UTAH          )
                                      : ss..
COUNTY OF SALT LAKE    )

On JANUARY 23, 2020, being duly subscribed and sworn and appeared before me, Lixi Frandsen, who said she is an agent authorized to execute liens on behalf of Lien Utah LLC, and that she executed the above and foregoing instrument as limited agent for the lien claimant and acknowledged to me that the same is true. IN WITNESS WHEREOF I have herein set my hand and affixed my seal.

_____
NOTARY PUBLIC, Residing in Salt Lake County, UT



JOHN WEIGHT
Notary Public • State of Utah
Commission # 698401
My Commission Expires
January 9, 2022

INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT D



**State of Utah**

**Department of Commerce**

Division of Occupational and Professional Licensing

GARY R. HERBERT
*Governor*

SPENCER J. COX
*Lieutenant Governor*

CHRIS PARKER
*Interim Executive Director*

MARK B. STEINAGEL
*Division Director*

Dear Resident:

You are being sued to collect a mechanics' lien on your property. The law requires that you be provided with the attached application form. The Utah Residence Lien Restriction and Lien Recovery Fund Act provides that homeowners who meet certain criteria can obtain a Certificate of Compliance, which certifies the owner is protected from the mechanics' lien and related lawsuits.

To apply for the certificate, you (or your attorney) must complete the attached form and submit to the Division of Occupational and Professional Licensing within 30 days of receiving the summons and complaint from the lien claimant.

The Lien Recovery Fund can answer general questions about the application. However, the fund personnel cannot provide legal advice about your specific legal circumstances or represent you in legal matters.

You can contact the Lien Recovery fund at (801) 530-6029 or annchon@utah.gov. Additional information can be obtained by visiting the fund's website at  https://dopl.utah.gov/rlrf/

Respectfully,

Chris Rogers
Lien Recovery Fund Manager



# State of Utah
# Department of Commerce
### Division of Occupational and Professional Licensing

| | | |
|---|---|---|
| **GARY R. HERBERT** | **CHRIS PARKER** | **MARK B. STEINAGEL** |
| *Governor* | *Interim Executive Director* | *Division Director* |

Dear Resident:

**RE:    HOMEOWNER CERTIFICATE OF COMPLIANCE**
**RESIDENCE LIEN RESTRICTION AND LIEN RECOVERY FUND ACT**

The Utah Residence Lien Restriction and Lien Recovery Fund Act – Utah Code § 38-11-101 et seq. -- provides that homeowners who meet certain criteria can obtain a Certificate of Compliance, which certifies that the owner is protected from mechanics' liens and related lawsuits.

The sections below are instructions on how to apply for a Certificate:

1. **If you contracted for more than $5,000:** you MUST complete the application for Certificate of Compliance located on pages 1 - 8 of the attachment and submit the required supplemental documentation. *You will NOT need to submit pages 9-12.*

2. **If you contracted for $5,000 or *less*:**  You have the option to apply by completing the *Affidavit of Compliance* located on pages 9-12 of the attachment.  *You will only need to submit pages 9-12.*

The Residence Lien Recovery Fund staff can answer general questions.  However, our staff cannot provide you legal advice about your specific legal circumstances or represent you in legal matters.  You may contact the Residence Lien Recovery Fund at (801) 530-6029 or annchon@utah.gov

Please be aware it is your responsibility to understand the statues and rules that govern the Residence Lien Recovery Fund.  The statues, rules and additional information may be found on the Fund's website located at: https://dopl.utah.gov/rlrf/

Respectfully,
**Chris Rogers**
Lien Recovery Fund Manager

# State of Utah
## DIVISION OF OCCUPATIONAL & PROFESSIONAL LICENSING

160 East 300 South, P.O. Box 146741
Salt Lake City, Utah 84114-6741
Telephone (801) 530-6628
https://dopl.utah.gov/rlrf/

## Certificate of Compliance Application Checklist

**If you contracted for more than $5,000:** you MUST complete the application for Certificate of Compliance located on pages 1 - 8 of the attachment and submit the required supplemental documentation. *You will NOT need to submit pages 9-12.*

☐ $30 non-refundable application fee

☐ Complete Application.  *The following must be attached your application :*

  ☐ A copy of your **written contract** with the general contractor.

  ☐ Evidence establishing the **owner of the residence** on the date the contract was entered *(ex: warranty deed, title search, or copy of property tax notice showing you owned the property at the time contract was signed.)*

  ☐ Evidence your contract was **paid in full** *(ex: canceled checks, HUD, affidavit )*

  ☐ Evidence establishing the **project completion date** *(ex: copy of Certificate of Occupancy, final inspection, or date of work substantially complete/termination)*

  ☐ Copies of **liens** filed on residence

  ☐ Evidence your **contractor was licensed** (*www.dopl.utah.gov*  Verify a License")

  ☐ **Certificate of Service** proving that you sent a copy of this application and all attachments by certified mail/return receipt requested, to all lien claimants and the party with whom you contracted.

Submit the above items to one of the following:

| | |
|---|---|
| **By U.S.  Mail** | DOPL / LRF<br>PO Box 146741<br>Salt Lake City, Utah 84114-6741 |
| **In Person or Express Mail** | 160 East 300 South<br>1st Floor<br>Salt Lake City, Utah 84111 |

**For Questions:**
Contact (801) 530-6029 or (866) 275-3675 (*Utah only*) or E-mail: annchon@utah.gov

# APPLICATION FOR CERTIFICATE OF COMPLIANCE

**Applicant:**

Name: _____

Address of Property against which Lien was filed: _____

City: _____ State: _____ Zip: _____

Telephone: (_____)_____ Email: _____

Is the address listed above the same as your mailing address?  [   ] Yes  [   ] No

If "no," please provide your complete mailing address: _____

_____

Tax Parcel Number (*found on your annual property tax notice*): _____

Legal Description and/or Lot Number (*found on the Notice of Lien*): _____

_____

_____

_____

**Applicant's Attorney or Other Representative (*if applicable*):**

Name: _____

Firm: _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone: (_____)_____ Email: _____

**Original Contractor/Factory Built Housing Retailer/Real Estate Developer:**

Company Name: _____

Address: _____

City: _____  State: _____  Zip: _____

Telephone: (_____)_____  Email: _____

**Original Contractor/Factory Built Housing Retailer/Real Estate Developer's Attorney**   (*if applicable*)**:**

Name: _____

Firm: _____

Address: _____

City: _____  State: _____  Zip: _____

Telephone: (_____)_____  Email: _____

**Mechanics' Lien Holders: <u>Attach</u> a copy of all notice of liens filed on your property**. List all companies or individuals who have filed a mechanics' lien on your residence.

Company or Individual Name:  _____

Company or Individual Name:  _____

Company or Individual Name:  _____

Company or Individual Name:  _____

Company or Individual Name:  _____

*Note you are required to send a copy of this application and all attachments by certified mail, return receipt requested, to all lien claimants and the party with whom you contracted

UTAH CODE ANN. § 38-1a-701(6)(e).

**Written Contract:**

Did you enter into a written contract? *Utah Code Ann. § 38-11-204(4)(a)*

☐ Yes. **Attach a copy of the contract to this application**

☐ No.  Explain: _____

_____

_____

_____


**Required documentation of licensure or exemption from licensure:**

Check which section best describes your situation & <u>attach</u> the supporting documentation:


☐ Contracted with a licensed contractor - *Utah Code Ann. § 38-11-204(4)(a)(i):*
    ① <u>Attach</u> evidence your contractor was licensed

☐ Contracted with an exempt contractor - *Utah Code Ann. § 38-11-204(4)(a)(i):*
    ① <u>Attach</u> evidence your contractor was exempt from licensure

☐ Contracted with a real estate developer - *Utah Code Ann. § 38-11-204(4)(a)(ii):*
    ① <u>Attach</u> evidence the developer had ownership interest in the property
    ② <u>Attach</u> evidence the developer offered the residence for sale to the public
    ③ <u>Attach</u> a copy of the contract between the developer and a licensed contractor


**Payment in Full:**

Did you pay your original contractor in full according to the terms of the written contract and any modifications to that contract? *Utah Code Ann. § 38-11-204 (4)(b)*

☐ Yes. <u>Attach</u> documents demonstrating payment (ex: *canceled checks, HUD settlement statement*)

☐ No.  Explain: _____

_____

_____

_____

## BEFORE THE DIVISION OF OCCUPATIONAL AND PROFESSIONAL LICENSING
## DEPARTMENT OF COMMERCE, STATE OF UTAH

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION FOR A CERTIFICATE OF COMPLIANCE ON THE RESIDENCE OF<br><br>_____<br>*(Homeowners' Name)*<br><br>LOCATED AT _____<br>*(Address, City, and State of the property)*<br><br>_____<br>_____ | **AFFIDAVIT OF COMPLIANCE, CERTIFICATION, AND RELEASE OF INFORMATION** |

STATE OF UTAH               )
                                        :ss.
COUNTY OF _____)

I, _____, being first duly sworn state as follows:
*(Name of person completing application)*

1.  I am authorized to sign this affidavit for the homeowner described and identified in this application.

2.  The information contained in this application and the supporting documents are free from fraud, misrepresentation, or omission of material fact.

3.  I will ensure that any information subsequently submitted to DOPL in conjunction with this application and/or its supporting documents will meet the same standard set forth above.

4.  I understand that homeowners and/or their representatives who report false information, withhold information, or present false or misleading documentation pertinent to an application in order to receive a Certificate of Compliance from the Lien Recovery Fund to which they are not entitled will be disqualified from receiving said Certificate and may be subject to both criminal prosecution and civil penalties.

5.  I understand that this application will be classified as a public record and will be available for inspection by the public except with regard to the release of information which is classified as controlled, private, or protected under the Government Records Access and Management Act or restricted by other law.

6.       Type of Residence: *(check the appropriate box)*
          ☐ Detached single family dwelling
          ☐ Duplex (single building with two separate living units)
          ☐ More than two living units in building

7.       Date construction of the project was complete: *(you must check one box & fill in date)*
          ☐ Certificate of Occupancy        Date ____/____/____
          ☐ Final Inspection             Date ____/____/____
          ☐ No substantial work left to complete   Date ____/____/____
          ☐ Original contractor was terminated    Date ____/____/____

8.       Date the residence was/will be occupied: *(you must check one box & fill in date)*
          ☐ Do not intend to occupy
          ☐ Have occupied the residence since    Date ____/____/____
          ☐ Will occupy the residence on       Date ____/____/____

9.       How the residence is/will be used: *(check the appropriate box)*
          ☐ Owner's primary residence
          ☐ Owner's secondary residence
          ☐ Tenant or Lessee's primary residence
          ☐ Tenant or Lessee's secondary residence
          ☐ Other (explain) _____

I hereby authorize all persons, institutions, governmental agencies, employers, or any others not specifically included in the preceding characterization, which are set forth directly or by reference in this application, to release to the Division of Occupational and Professional Licensing, State of Utah or the Residence Lien Recovery Fund Advisory Board, any files, records or information of any type reasonably required for the Division of Occupational and Professional Licensing or the Board to properly evaluate my application.

I declare under criminal penalty under the law of Utah that the foregoing is true and correct.

_____     ____/____/____

Signature of Affiant (*sign here*)            Date

_____
Homeowner's Name

_____
Homeowner's Address

_____
Homeowner's City, State, & Zip

_____
Homeowner's Telephone Number


### BEFORE THE DIVISION OF OCCUPATIONAL AND PROFESSIONAL LICENSING
### DEPARTMENT OF COMMERCE, STATE OF UTAH

| | |
|---|---|
| _____ <br> Homeowner's Name <br><br> v <br><br> _____ <br> Original Contractor | **CERTIFICATE OF SERVICE** <br> **to the Original Contractor** |

    I hereby certify that on the _____ day of _____, I served
                               (date)               (month)       (year)
a copy of the CERTIFICATE OF COMPLIANCE APPLICATION to _____
                                                     (original contractor's name)
for services provided on property owned by _____, by depositing a copy

in the U.S. mail, return receipt requested, postage pre-paid, addressed to:

_____
(original contractor's name)
_____
(original contractor's address, city, state, & zip)


DATED this _____ day of _____, _____
           (date)                 (month)               (year)


_____
Signature

_____
Homeowner's Name

_____
Homeowner's Address

_____
Homeowner's City, State, & Zip

_____
Homeowner's Telephone Number

## BEFORE THE DIVISION OF OCCUPATIONAL AND PROFESSIONAL LICENSING
## DEPARTMENT OF COMMERCE, STATE OF UTAH

| | |
|---|---|
| _____<br><br>Homeowner's Name<br><br>v<br><br>_____<br><br>Original Contractor | **CERTIFICATE OF SERVICE**<br>**to the Lien Holder** |

I hereby certify that on the _____ day of _____, I served
                                        *(date)*                    *(month)*              *(year)*
a copy of the CERTIFICATE OF COMPLIANCE APPLICATION to _____
                                                                            *(lien holders name)*
for services provided on property owned by _____, by depositing a copy

in the U.S. mail, return receipt requested, postage pre-paid, addressed to:

_____
*(lien holders name)*

_____
*(lien holders address, city, state, & zip)*

DATED this _____ day of _____, _____
                      *(date)*                      *(month)*                              *(year)*

_____
Signature

# State of Utah
## DIVISION OF OCCUPATIONAL & PROFESSIONAL LICENSING

160 East 300 South, P.O. Box 146741
Salt Lake City, Utah 84114-6741
Telephone (801) 530-6628
https://dopl.utah.gov/rlrf/

### Certificate of Compliance Affidavit of Compliance Application

**If you contracted for $5,000 or** *less*: You have the option to apply by completing the *Affidavit of Compliance* located on pages 9-12 of the attachment. *You will only need to submit pages 9-12.*

Name: _____

Address of Property against which Lien was filed: _____

City: _____ State: _____ Zip: _____

Telephone: (_____)_____ Email: _____

Is the address listed above the same as your mailing address?☐ Yes ☐ No

If "no," please provide your complete mailing address: _____

_____

Tax Parcel Number (*found on your annual property tax notice*): _____

## Checklist

- ☐ $30 non-refundable application fee
- ☐ **Original Affidavit of Compliance**
- ☐ Attach a list of **all known subcontractors and suppliers**
- ☐ A copy of **this checklist**
- ☐ **Certificate of Service** proving that you sent a copy of this application and all attachments by certified mail/return receipt requested, to all lien claimants and the party with whom you contracted.

Submit the above items to one of the following:

| | |
|---|---|
| **By U.S. Mail** | DOPL / LRF<br>PO Box 146741<br>Salt Lake City, Utah 84114-6741 |
| **In Person or Express Mail** | 160 East 300 South<br>1st Floor<br>Salt Lake City, Utah 84111 |

**For Questions:**
Contact (801) 530-6029 or (866) 275-3675 (*Utah only*) or E-mail: annchon@utah.gov

DOPL-AP-096 REV 2020-02-19

9

## BEFORE THE DIVISION OF OCCUPATIONAL AND PROFESSIONAL LICENSING
### DEPARTMENT OF COMMERCE, STATE OF UTAH

| IN THE MATTER OF THE APPLICATION FOR A CERTIFICATE OF COMPLIANCE ON THE RESIDENCE OF | **AFFIDAVIT OF COMPLIANCE** |
|---|---|

_____
*(Homeowners' Name)*
Located at _____
City_____ Zip_____
Tax Parcel Number_____

I, _____, being first duly sworn state as follows:

1. The information contained in this application and the supporting documents are true and correct and I will ensure that any information subsequently submitted in conjunction with this application will meet the same standard.

2. I understand that it is my responsibility to read and understand all statues and rules pertaining to my application for Certificate of Compliance.

3. I entered into an oral or written contract on ____/____/____ for service, labor, or materials with:

   _____

   and the general contract, including all changes and additions, totaled: $_____

4. The following entities have demanded payment for service, labor or materials associated with the general contract: (*attach separate sheet if needed*)

   _____

   _____

5. The residence is a single family dwelling or duplex and contains no more than two separate living units. *See* Utah Code § 38-11-102(22).

6. The residence is occupied by me or my tenant or lessee as a primary or secondary residence and was occupied within 180 days from the date of the completion of the construction on the residence. *See* Utah Code § 38-11-102(18).

   I declare under criminal penalty under the law of Utah that the foregoing is true and correct.

_____          ____/____/____
            Signature of Affiant                               Date

_____
Homeowner's Name

_____
Homeowner's Address

_____
Homeowner's City, State, & Zip

_____
Homeowner's Telephone Number


## BEFORE THE DIVISION OF OCCUPATIONAL AND PROFESSIONAL LICENSING
## DEPARTMENT OF COMMERCE, STATE OF UTAH

| | |
|---|---|
| **_____**<br><br>Homeowner's Name<br><br>v<br><br>**_____**<br><br>Original Contractor | **CERTIFICATE OF SERVICE**<br>**to the Original Contractor** |

I hereby certify that on the _____ day of _____, I served

                              (*date*)                     (*month*)        (*year*)

a copy of the CERTIFICATE OF COMPLIANCE AFFIDAVIT OF COMPLAINCE APPLICATION and

AFFIDAVIT OF COMPLIANCE to _____

                                                (*original contractor's name*)

for services provided on property owned by _____, by depositing a copy

in the U.S. mail, return receipt requested, postage pre-paid, addressed to:

_____
(*original contractor's name*)

_____
(*original contractor's address, city, state, & zip*)


DATED this _____ day of _____, _____

         (*date*)                      (*month*)               (*year*)


_____
Signature

_____
Homeowner's Name

_____
Homeowner's Address

_____
Homeowner's City, State, & Zip

_____
Homeowner's Telephone Number

---

### BEFORE THE DIVISION OF OCCUPATIONAL AND PROFESSIONAL LICENSING
### DEPARTMENT OF COMMERCE, STATE OF UTAH

| | |
|---|---|
| **_____** <br> Homeowner's Name <br><br> v <br><br> **_____** <br> Original Contractor | **CERTIFICATE OF SERVICE** <br> **to the Lien Holder** |

I hereby certify that on the _____ day of _____, I served

<div align="center">(date)          (month)          (year)</div>

a copy of the CERTIFICATE OF COMPLIANCE AFFIDAVIT OF COMPLAINCE APPLICATION and

AFFIDAVIT OF COMPLIANCE to _____

<div align="center">(lien holders name)</div>

for services provided on property owned by _____, by depositing a copy

in the U.S. mail, return receipt requested, postage pre-paid, addressed to:

_____
(lien holders  name)

_____
(lien holders  address, city, state, & zip)

DATED this _____ day of _____, _____

<div align="center">(date)                    (month)                    (year)</div>

_____
Signature

# Exhibit D

FIFTH DISTRICT COURT-ST GEORGE
WASHINGTON COUNTY, STATE OF UTAH


L & W SUPPLY CORPORATION vs. A1 BUILDER INVESTMENTS INC et al.

CASE NUMBER 200500309 Contracts

---

CURRENT ASSIGNED JUDGE
          JEFFREY C WILCOX


PARTIES
          Plaintiff - L & W SUPPLY CORPORATION
          Represented by: CONRAD JOHANSEN
          Represented by: STEPHEN BIGHAM

          Defendant - ALMA R OLSEN

          Defendant - A1 BUILDER INVESTMENTS INC

          Defendant - CHELSEA N OLSEN


ACCOUNT SUMMARY
              Total Revenue Amount Due:        422.00
                          Amount Paid:        422.00
                        Amount Credit:          0.00
                             Balance:          0.00
          REVENUE DETAIL - TYPE: COMPLAINT 10K-MORE
                  Original Amount Due:        360.00
                  Amended Amount Due:        360.00
                        Amount Paid:        360.00
                      Amount Credit:          0.00
                           Balance:          0.00

          REVENUE DETAIL - TYPE: CERTIFIED COPIES
                  Original Amount Due:          4.00
                  Amended Amount Due:          4.00
                        Amount Paid:          4.00
                      Amount Credit:          0.00
                           Balance:          0.00

          REVENUE DETAIL - TYPE: CERTIFICATION
                  Original Amount Due:          8.00
                  Amended Amount Due:          8.00
                        Amount Paid:          8.00
                      Amount Credit:          0.00
                           Balance:          0.00

          REVENUE DETAIL - TYPE: CERTIFIED COPIES
                  Original Amount Due:         12.00
                  Amended Amount Due:          0.00
                        Amount Paid:          0.00
                      Amount Credit:          0.00

```
                              Balance:            0.00
     Account Adjustments Sum To Date        Amount Reason
                         2020-11-04        -12.00 Request cancelled.


     REVENUE DETAIL - TYPE: POSTAGE-COPIES
                    Original Amount Due:     1.40
                    Amended Amount Due:      0.00
                         Amount Paid:        0.00
                        Amount Credit:       0.00
                              Balance:       0.00
     Account Adjustments Sum To Date        Amount Reason
                         2020-11-04         -1.40 Request cancelled.


     REVENUE DETAIL - TYPE: GARNISHMENT
                    Original Amount Due:    50.00
                    Amended Amount Due:     50.00
                         Amount Paid:       50.00
                        Amount Credit:       0.00
                              Balance:       0.00
```

CASE NOTE


PROCEEDINGS

| Date | Description |
|------|-------------|
| 06-22-2020 | Filed: Complaint Verified Complaint |
| 06-22-2020 | Case filed by efiler |
| 06-22-2020 | Fee Account created Total Due: 360.00 |
| 06-22-2020 | Fee Account created |
| 06-22-2020 | COMPLAINT 10K-MORE  360.00 |
| 06-22-2020 | Judge JEFFREY C WILCOX assigned. |
| 06-22-2020 | Note: discovery tier set to 1 |
| 06-22-2020 | Filed: Return of Electronic Notification |
| 06-22-2020 | Filed: Lis Pendens |
| 06-22-2020 | Filed: Return of Electronic Notification |
| 08-06-2020 | Filed: Affidavit/Declaration in Support of Ex-Parte Motion and Memorandum for Alternative Service of Defendants |
| 08-06-2020 | Filed: Ex Parte Order (Proposed) Granting Ex-Parte Motion and Memorandum for Alternative Service of Defendants |
| 08-06-2020 | Filed: Motion Ex-Parte Motion and Memorandum for Alternative Service of Defendants |
|  | Filed by: L & W SUPPLY CORPORATION |
| 08-06-2020 | Filed: Return of Electronic Notification |
| 08-07-2020 | Filed order: Ex Parte Order Granting Ex-Parte Motion and Memorandum for Alternative Service of Defendants |
|  | Judge JEFFREY C WILCOX |
|  | Signed August 07, 2020 |
| 08-10-2020 | Filed: Proof of Mailing Alternative Service - |
| 08-10-2020 | Filed: Return of Electronic Notification |
| 10-05-2020 | Filed: Default Certificate (Proposed) A1 Builder Investments Inc. |
| 10-05-2020 | Filed: Default Certificate (Proposed) Alma Olsen |
| 10-05-2020 | Filed: Default Certificate (Proposed) Chelsea Olsen |

```
10-05-2020   Filed: Military Service Aff/Declaration
10-05-2020   Filed: Return of Electronic Notification
10-06-2020   Filed: Affidavit/Declaration of Attorney Fees and Costs in
             Support of Default Judgment
10-06-2020   Filed: Default Judgment (Proposed)
10-06-2020   Filed: Return of Electronic Notification
10-07-2020   Filed: Default Certificate Chelsea Olsen
10-07-2020   Filed: Default Certificate Alma Olsen
10-07-2020   Filed: Default Certificate A1 Builder Investments Inc.
10-07-2020   Filed: Return of Electronic Notification
10-07-2020   Filed: Return of Electronic Notification
10-07-2020   Filed: Return of Electronic Notification
10-15-2020   Filed judgment: Default Judgment
                     Judge JEFFREY C WILCOX
                     Signed October 15, 2020
10-15-2020   Judgment # 1 Entered 77,884.82                              jwilcox


             Creditor  : L & W SUPPLY CORPORATION
             Debtor    : A1 BUILDER INVESTMENTS INC
             Debtor    : ALMA R OLSEN
             Debtor    : CHELSEA N OLSEN
             6,060.50 AttorneyFees
             843.26 CollCosts
             195.00 OtherJdmtFee
             1,797.69 PreJdmtInt
             9,010.72 Principal
             17,907.17 Judgment Grand Total


10-15-2020   Filed: Return of Electronic Notification
10-15-2020   Case Disposition is Judgment
             Disposition Judge is JEFFREY C WILCOX
10-16-2020   Fee Account created Total Due: 4.00
10-16-2020   Fee Account created
10-16-2020   Fee Account created Total Due: 8.00
10-16-2020   Fee Account created
10-16-2020   CERTIFIED COPIES  4.00
10-16-2020   CERTIFICATION  8.00
10-16-2020   Fee Account created Total Due: 12.00
10-16-2020   Fee Account created
10-16-2020   Fee Account created Total Due: 1.40
10-16-2020   Fee Account created
10-19-2020   Filed: Notice of Entry of Judgment
10-19-2020   Filed: Return of Electronic Notification
10-19-2020   Filed: Corrected Notice of Judgment
10-19-2020   Filed: Return of Electronic Notification
10-19-2020   **** PRIVATE **** Filed: Judgment Information Statement
10-19-2020   Filed: Return of Electronic Notification
10-21-2020   Filed: Motion Expedited Motion for Issuance of Writ of
             Garnishment
                     Filed by: L & W SUPPLY CORPORATION
10-21-2020   Filed: Request/Notice to Submit Expedited Motion for Issuance
             of Writ of Garnishment - EXPEDITED RELIEF REQUESTED
10-21-2020   Filed: Return of Electronic Notification
```

| | |
|---|---|
| 10-21-2020 | Filed: Application for Writ of Garnishment Terra Title |
| 10-21-2020 | Filed: Writ of Garnishment - Non Wage (Proposed) Terra Title |
| 10-21-2020 | Issued: Writ of Garnishment - Non Wage Terra Title |
| | Clerk TRICIA BRADSHAW |
| 10-21-2020 | Fee Account created Total Due: 50.00 |
| 10-21-2020 | Fee Account created |
| 10-21-2020 | GARNISHMENT  50.00 |
| 10-21-2020 | Filed: Return of Electronic Notification |
| 10-28-2020 | Filed return: Return of Service - Garnishment Terra Title, Terra Title |
| | Party Served: AGENT AUTHORIZED TO ACCEPT |
| | Service Type: Personal |
| | Service Date: October 23, 2020 |
| | Garnishee: Terra Title |
| 10-28-2020 | Filed: Return of Electronic Notification |
| 11-04-2020 | CERTIFIED COPIES Account Adjustment Total Due: 0.00 |
| | Reason: Request cancelled. |
| 11-04-2020 | POSTAGE-COPIES Account Adjustment Total Due: 0.00 |
| | Reason: Request cancelled. |

# Exhibit E

The Order of the Court is stated below:
**Dated:** October 15, 2020          /s/  JEFFREY C WILCOX
          11:14:30 AM                    District Court Judge

Conrad H. Johansen (8214)
Stephen M. Bigham (11060)
SKOUBYE NIELSON & JOHANSEN, LLC
999 East Murray Holladay Road, Suite 200
Salt Lake City, Utah 84117
Telephone: (801) 365-1030
Facsimile: (801) 365-1031
Email: conrad@snjlegal.com
Email: stephen@snjlegal.com
*Attorneys for Plaintiff*

## IN THE FIFTH DISTRICT COURT IN AND FOR

## WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| L & W SUPPLY CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> A1 BUILDER INVESTMENTS, INC., ALMA R. OLSEN, CHELSEA N. OLSEN, and DOES 1-10, whose true names are unknown, and who are believed to be all unknown persons who claim any interest in the real property that is part of the subject matter of the action, <br><br> Defendants. | **DEFAULT JUDGMENT** <br><br><br> Case No. 200500309 <br><br> Judge: Jeffrey C. Wilcox |

Defendants A1 Builder Investments, Inc., Alma R. Olsen, Chelsea N. Olsen, (hereinafter collectively "Defendants") having been properly served process and failed to answer or otherwise appear and defend against plaintiff's L & W Supply Corporation (hereinafter "Plaintiff" or "L&W") Complaint.

The legal time for Defendants to answer the Complaint or otherwise appear has expired and the default of Defendants have been entered according to law.

IT IS HEREBY ORDERED that Plaintiff is awarded judgment against defendants A1 Builder Investments, Inc., and Alma R. Olsen, jointly and severally, as follows:

| Description | Amount |
|---|---|
| Principal | $43,441.67 |
| Lien Fee | $195.00 |
| Interest (1.5% per month (18% per annum), compounded monthly, from each outstanding invoice through October 20, 2020) | $9,437.22 |
| Attorney Fees (through October 5, 2020) | $6,06050 |
| Costs | $843.26 |
| Credits | ($0.00) |
| **Total Judgment** | **$59,977.65** |

IT IS FURTHER ORDERED that interest shall accrue on the principal amount of this Judgment at the rate of interest at the rate of 1.5% per month (18% per annum), compounded monthly, from each outstanding invoice, plus costs and attorney fees, as authorized by the Agreement, and all other amounts owed herein shall accrue interest at the statutory post-judgment rate of 3.53%, per annum, until paid in full.

IT IS FURTHER ORDERED THAT: the interest of Defendants (and any individual or entity claiming by or through Defendants) in the property located at 2592 E Rasmussen Drive, St. George, Washington County, State of Utah, and more particularly described as:

Legal:          Lot Eighty-Four (84) Serenity Hills 2ND AMD

Parcel:          SG-SRYH-84

is hereby foreclosed by Plaintiff's lien.

The above property shall be sold by the sheriff of Washington County in accordance with the rules and laws of the State of Utah, free and clear of the interest of Defendants (and any individual or entity claiming by or through Defendants) and the proceeds of the sale shall be

applied first to the costs of the sale, then to the post-judgment interest, costs, and attorney fees incurred by plaintiff in enforcing this judgment, then to the reimbursement of plaintiff for the principal, interest at the rate of 18% per annum pursuant to the agreement guaranteed by defendant Alma R. Olsen, attorneys fees, and costs attributable to the above property as defined in this judgment, which amount is set forth below:

| Description | Amount |
|---|---|
| Principal | $9,010.72 |
| Lien Fee | $195.00 |
| Interest (1.5% per month18% per annum), from each outstanding invoice through October 20, 2020) | $1,797.69 |
| Attorney Fees (through October 5, 2020) | $6,060.50 |
| Costs | $843.26 |
| Credits | ($0.00) |
| **Total Judgment** | **$17,907.17** |

IT IS FURTHER ORDERED that interest shall accrue on the principal amount of this lien foreclosure judgment at the rate of 1.5% per month (18% per annum), compounded monthly, from each outstanding invoice, plus costs and attorney fees, as authorized by the Agreement and by statute, and all other amounts owed herein shall accrue interest at the statutory post-judgment rate of 3.53%, per annum, until paid in full.

IT IS FURTHER ORDERED AND DECLARED and found, pursuant to Plaintiff's claim for declaratory relief that:

i.      That A1 Investment Builders, Inc. failed to pay plaintiff L & W as required under its contract with Plaintiff;

ii.     That L & W provided qualified services (as defined by Utah Code Ann. § 38-11-102) in the form of building materials and services to the property located at 2592

E Rasmussen Drive, St. George, Washington County, Utah beginning October 11, 2019 and ending on October 19, 2019, in the principal amount of $9,010.72, plus interest, costs and attorney's fees.

IT IS FURTHER ORDERED that, upon application to the Court, this Judgment may be augmented in the amount of costs and attorney fees incurred in obtaining, preserving, and collecting said Judgment.

**END OF DOCUMENT**

**COURT SEAL LOCATED AT TOP OF DOCUMENT**

# Exhibit F

Conrad H. Johansen (8214)
Stephen M. Bigham (11060)
SKOUBYE NIELSON & JOHANSEN, LLC
999 East Murray Holladay Road, Suite 200
Salt Lake City, Utah 84117
Telephone: (801) 365-1030
Facsimile: (801) 365-1031
Email: conrad@snjlegal.com
Email: stephen@snjlegal.com
*Attorneys for Plaintiff*

## IN THE FIFTH DISTRICT COURT IN AND FOR

## WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| L & W SUPPLY CORPORATION, | **EX-PARTE APPLICATION FOR WRIT OF GARNISHMENT** |
| Plaintiff, | |
| vs. | Case No. 200500309 |
| A1 BUILDER INVESTMENTS, INC., ALMA R. OLSEN, CHELSEA N. OLSEN, and DOES 1-10, whose true names are unknown, and who are believed to be all unknown persons who claim any interest in the real property that is part of the subject matter of the action, | Judge: Jeffrey C. Wilcox |
| Defendants. | |

I am the Attorney for Plaintiff L & W Supply Corporation (hereinafter "Judgment Creditor" or "Plaintiff").

1.     I request that a Writ of Garnishment be issued and served upon the garnishee named below, along with the Answers to Interrogatories form, Notice of Garnishment and Exemptions form, and two copies of the Reply and Request for Hearing form.

2.     Default Judgment was entered against defendants A1 Builder Investments, Inc. ("A1"), and Alma R. Olsen, ("Alma"), (hereinafter collectively "Judgment Debtor" and/or "Defendant, 2019"), jointly and severally, on October 15, 2020, in the principal amount of

$43,561.57, plus post-judgment interest, and applicable fees for a total judgment amount of $59,977.65.

3.      As of the date of this application, payment of $17,884.02, has been applied to the judgment, leaving a total amount owing of at least **$42,093.63,** plus accruing interest, and applicable attorney fees and collection costs.

4.      The Judgment Debtors are:

| Name | Address | SSN or TIN (Last 4 Only) | Driver's License if Know | Year and Month of Birth |
|---|---|---|---|---|
| A1 Builder Investments, Inc. | 1280 Lamoille Hwy, Elko, Nevada 89801 | XX-XXX3495 | N/A | N/A |
| Alma R. Olsen | 122 Spring Creek Court, Spring Creek, Nevada 89815; or<br><br>717 West Idaho Ste. #B, Elko Nevada 89801 | XXX-XX-5200 | Unknown | February 1980 |

5.      I believe that the following persons hold property of the judgment debtor:

| Name, address, phone number of person holding property | Description of property (including location and account number) | Estimated value of property | Is the Property Earnings |
|---|---|---|---|
| Terra Title Co. c/o Joseph K McPhie, Registered Agent, 20 Main Street, Ste. 403, St. George, Utah 84770, Or any other branch/location authorized to accept service | Any and all accounts, escrow accounts, trust accounts, funds, deposits, interests, or any monies owed; | Unknown | Unknown |

6.      I believe that the following persons may claim an interest in the property, (include name, address, and phone number). And I request that the Writ of Garnishment be served upon each, along with a Notice of Garnishment and Exemptions form, and two copies of the Reply and Request for Hearing form:

| Name of person claiming property interest | Address | Phone Number |
|---|---|---|
| | | |

7.      I attached the garnishee fee established by Utah Code section 78A-2-216.

8.      I declare under criminal penalty of Utah Code section 78B-18a-101 *et seq*. that this *Ex Parte* Application for Writ of Garnishment is true and correct.

DATED this 21st  day of October, 2020.

SKOUBYE NIELSON & JOHANSEN, LLC

By:  */s/ Conrad H. Johansen*
Conrad H. Johansen
Stephen M. Bigham
*Attorneys for Plaintiff*

# Exhibit G

The Order of the Court is stated below:
Dated: October 21, 2020          /s/ TRICIA BRADSHAW
01:10:46 PM                      District Court Clerk

Conrad H. Johansen (8214)
Stephen M. Bigham (11060)
SKOUBYE NIELSON & JOHANSEN, LLC
999 East Murray Holladay Road, Suite 200
Salt Lake City, Utah 84117
Telephone: (801) 365-1030
Facsimile: (801) 365-1031
Email: conrad@snjlegal.com
Email: stephen@snjlegal.com
*Attorneys for Plaintiff*

## IN THE FIFTH DISTRICT COURT IN AND FOR
## WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| L & W SUPPLY CORPORATION,<br><br>        Plaintiff,<br><br>vs.<br><br>A1 BUILDER INVESTMENTS, INC., ALMA R. OLSEN, CHELSEA N. OLSEN, and DOES 1-10, whose true names are unknown, and who are believed to be all unknown persons who claim any interest in the real property that is part of the subject matter of the action,<br><br>        Defendants. | **WRIT OF GARNISHMENT AND INSTRUCTIONS**<br><br>Case No. 200500309<br><br>Judge: Jeffrey C. Wilcox |
| TERRA TITLE CO.,<br><br>        Garnishee, | |

For more information about writs of garnishment, go to the court's website at:
http://www.utcourts.gov/howto/civil/.

THE FIFTH JUDICIAL DISTRICT COURT OF THE STATE OF UTAH TO:

**To:    Terra Title Co. via any authorized agent or location authorized to accept service**

(1)     Under Utah State Code 78A-2-216, the judgment creditor should have included with this



Writ of Garnishment a fee ($10.00) to you.  If the fee was not included, sign here and return the forms to the judgment creditor (or judgment creditor's attorney). _____

(2)      Default Judgment was entered against defendants A1 Builder Investments, Inc. ("A1"), and Alma R. Olsen, ("Alma"), (hereinafter collectively "Judgment Debtor" and/or "Defendant, 2019"), jointly and severally, on October 15, 2020, in the amount of $43,561.57, plus post-judgment interest, and applicable fees.

As of the date of this application, payment of $17,884.02, has been applied to the judgment, leaving a total amount owing of $42,093.63, plus accruing interest, and additional attorney fees and collection costs incurred since the entry of the judgment.

Papers filed with the Court show that you may possess or control some of the judgment debtor's property. (Property includes real and personal property. Property includes money, including earnings not yet paid.) The property is being garnished (seized) in order to pay the judgment. If you are the Garnishee (holder of the property), you are required to take certain steps to deliver the property or to hold it and protect it. You may be held liable if you fail to do so. You should keep for your records a copy of everything that you prepare and everything that is served on you.

(3)      The Judgment Debtors are:

| Name | Address | SSN or TIN (Last 4 Only) | Driver's License if Know | Year and Month of Birth |
|------|---------|--------------------------|--------------------------|-------------------------|
| A1 Builder Investments, Inc. | 1280 Lamoille Hwy, Elko, Nevada 89801 | XX-XXX3495 | N/A | N/A |
| Alma R. Olsen | 122 Spring Creek Court, Spring Creek, Nevada 89815; or  717 West Idaho Ste. #B, Elko Nevada 89801 | XXX-XX-5200 | Unknown | February 1980 |

(4)      Within 7 business days after this writ is served on you, you must:
(A)      Answer the attached Interrogatories;
(B)      Serve a copy of your Answers to Interrogatories on the judgment creditor  (or judgment creditor's attorney);
(C)      Serve a copy of the following papers on the judgment debtor and on any other person shown by your records to have an interest in the property.
The papers to be served are:

i.     one copy of this Writ of Continuing Garnishment;
ii.    one copy of your Answers to Interrogatories;
iii.   one copy of the Notice of Garnishment and Exemptions form; and
iv.    two copies of the Reply and Request for Hearing form.

(5)    You may serve the judgment creditor (or judgment creditor's attorney), the judgment debtor and any other person by hand delivery or by first class mail. The address of the judgment creditor (or judgment creditor's attorney) is at the top of the first page of this Writ.

(6)    What to do with the property.
       (A)     **DO NOT SEND THE PROPERTY TO THE COURT**. You are to withhold from the judgment debtor the amount shown in your Answers to Interrogatories. You are to hold the property for 21 calendar days after you serve the judgment debtor.
       (B)     If you do not receive from the judgment debtor a Reply and Request for Hearing within 21 days after serving the judgment debtor, you are to deliver the property to the judgment creditor (or judgment creditor's attorney). You are then relieved from any liability unless it is shown that your Answers to Interrogatories are incorrect.
       (C)     If you do receive a Reply and Request for Hearing, you must hold the property until you receive further orders from the court directing you how to proceed.

(7)    If you fail to take these steps, the court may hold you liable for the value of the property you should have withheld.

(8)    You may deliver to the judgment debtor in the normal course any property greater than you are required to withhold.

(9)    Multiple Writs of Garnishment for the same judgment debtor may be served on you, but only one Writ of Garnishment may be in effect at one time. You must satisfy the writs in the order in which they are served. When an earlier Writ of Garnishment expires or is satisfied, you must then satisfy the next writ. However, a Writ of Continuing Garnishment in favor of the Office of Recovery Services or the Department of Workforce Services takes precedence over other writs and must be satisfied first. Also, a Writ of Continuing Garnishment in favor of the Office of Recovery Services or the Department of Workforce Services continues indefinitely until fully satisfied, placing earlier writs on hold. These instructions do not apply to writs or orders entered by other courts or governmental agencies.

**END OF WRIT**

**COURT SEAL AT TOP OF DOCUMENT**

## AFFIDAVIT OF SERVICE

| Case: 200500309 | Court: Fifth Judicial District Court | County: Washington, UT | Job: 4994579 |
|---|---|---|---|
| **Plaintiff / Petitioner:** L & W Supply Corporation | | **Defendant / Respondent:** A1 Builder Investments, Inc., Alma R Olsen, et al | |
| **Received by:** ICU Investigations, LLC | | **For:** Skoubye Nielson & Johansen, LLC | |
| **To be served upon:** Terra Title c/o Joseph McPhie, registered agent | | | |

I declare that I am eighteen years of age or older and have no interest in the above legal matter. I attest that I am certified, appointed by sheriff or motion and order and that I am legally authorized to serve court documents within the above named circuit / county. I have not included any non-public information from this document. I declare under penalty of Utah Code Section 78B-5-705 that everything stated in this document is true and correct.

**Recipient Name / Address:**  Krista Moss, 20 N Main St, Ste 403, Saint George, UT 84770

**Manner of Service:**  Corporation, Oct 23, 2020, 12:02 pm MDT

**Documents:**  Writ of Garnishment and Instructions (2); Garnishee's Answers to Interrogatories for Property other than Earnings; Reply and Request for Hearing (2); Notice of Garnishment and Exemptions; $10.00 Garnishment Fee

**Additional Comments:**
1) Successful Attempt: Oct 23, 2020, 12:02 pm MDT at 20 N Main St, Ste 403, Saint George, UT 84770 received by Krista Moss. Age: 35+; Ethnicity: Caucasian; Gender: Female; Weight: 155; Height: 5'7"; Hair: Black; Relationship: Receptionist;

10/23/2020

Jason Currie                    **Date**
A117345

ICU Investigations, LLC
250 N Red Cliffs Dr, #4B-275
Saint George, UT 84790
435-986-1200